**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| | Civil Action No. 3:17-cv-02616-MBS |
| **IN RE SCANA CORPORATION SECURITIES LITIGATION** | |
| WEST VIRGINIA INVESTMENT MANAGEMENT BOARD, STICHTING BLUE SKY GLOBAL EQUITY ACTIVE LOW VOLATILITY FUND, and STICHTING BLUE SKY ACTIVE LARGE CAP EQUITY USA FUND, on Behalf of Themselves and All Others Similarly Situated, | **DEFENDANT JIMMY ADDISON'S ANSWER AND DEFENSES TO THE CONSOLIDATED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| Plaintiffs, | |
| v. | |
| SCANA CORPORATION, KEVIN B. MARSH, JIMMY E. ADDISON, STEPHEN A. BYRNE, HAROLD C. STOWE, D. MAYBANK HAGOOD, and JAMES W. ROQUEMORE, | |
| Defendants. | |

Defendant Jimmy Addison ("Mr. Addison"), by and through his undersigned counsel, hereby responds as follows to the Consolidated Class Action Complaint for Violations of the Federal Securities Laws [Dkt. No. 72] (the "Complaint").

<u>FOR A FIRST AND SEPARATE DEFENSE</u>

The Complaint fails to state a claim upon which relief can be granted.

<u>FOR A SECOND AND SEPARATE DEFENSE</u>

Mr. Addison responds to the enumerated paragraphs of the Complaint as follows[1]:

1.      Mr. Addison admits that the present lawsuit has been filed, but otherwise denies the allegations in Paragraph 1 of the Complaint.

2.      Mr. Addison admits that Plaintiffs have brought the present action, but otherwise denies the allegations in Paragraph 2 of the Complaint.

3.      A description of SCANA, its business, and the V.C. Summer site during the relevant time period was set forth in SCANA's public filings with the SEC, which are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 3 of the Complaint that are inconsistent therewith.

4.      The terms of the 2008 Engineering, Procurement, and Construction Agreement and the construction history of United States nuclear power plants are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 4 of the Complaint that are inconsistent therewith.

5.      The provisions of the Energy Policy Act, provisions of the BLRA, and Defendants' statements regarding the nuclear tax credits are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 5 of the Complaint that are inconsistent therewith.

6.      The provisions of the BLRA are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 6 of the Complaint that are inconsistent therewith.

7.      Mr. Addison admits that SCANA entered into a contract with Westinghouse in or around 2008, the terms of which are a matter of public record and speak for themselves.  SCANA's

---

[1] To the extent that the various headings and subheadings within the Complaint constitute allegations of fact, those allegations are denied.  Mr. Addison similarly denies any footnotes included in the Complaint to the extent that those footnotes contain allegations of fact.

filings with the South Carolina Public Service Commission ("PSC") are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 7 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 7 of the Complaint.

8.      Historical construction progress and estimated substantial completion dates for V.C. Summer Units 2 and 3 are matters of public record and speak for themselves.  The September 2013 correspondence with Westinghouse and emails also speak for themselves.  Mr. Addison denies any allegations in Paragraph 8 of the Complaint that are inconsistent therewith.

9.      The contents of SCANA's petitions to the PSC and the PSC's subsequent approvals of rate increases are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 9 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 9 of the Complaint.

10.     The contents of SCANA's filings with the PSC and public statements regarding same are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 10 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 10 of the Complaint.

11.     The PSC's September 10, 2015 order and Defendant Byrne's testimony before the PSC are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 11 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 11 of the Complaint.

12.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 12 of the Complaint.

13.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 13 of the Complaint.

14.    The contents of SCANA's filings with the SEC are a matter of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 14 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 14 of the Complaint.

15.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 15 of the Complaint.

16.    Defendants' statements before the PSC and statements on related conference calls are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 16 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 16 of the Complaint.

17.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 17 of the Complaint.

18.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 18 of the Complaint.

19.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 19 of the Complaint.

20.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 20 of the Complaint.

21.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 21 of the Complaint.

22.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 22 of the Complaint.

23.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 23 of the Complaint.

24.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 24 of the Complaint.

25.     Defendants' statements are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 25 of the Complaint that are inconsistent therewith. Mr. Addison otherwise denies the allegations in Paragraph 25 of the Complaint.

26.     Defendant Marsh's statement as published in the September 23, 2016 Post and Courier article and the SCANA YouTube video referenced in Paragraph 26 are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 26 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 26 of the Complaint.

27.     The contents of the July 31, 2017 SCANA press release are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 27 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 27 of the Complaint.

28.     The contents of proceedings before the South Carolina General Assembly, the subpoena that SCANA received from the United States Attorney's Office for the District of South Carolina, the requests for South Carolina Law Enforcement Division to conduct an investigation, SCANA's public statements regarding a subpoena from the SEC, Defendants Marsh's and Byrne's retirements, and Representative Ott's statements are all matters of public record, which speak for themselves.   Mr. Addison denies any allegations in Paragraph 28 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 28 of the Complaint.

29.     The contents of the voicemail published in March 2018 are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 29 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 29 of the Complaint.

30.     The daily trading price of SCANA's stock on the public market is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 30 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 30 of the Complaint. The allegations in Paragraph 30 of the Complaint also attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.

31.     Mr. Addison admits that the Complaint asserts claims under Sections 10(b) and 20(a) and Rule 10b-5 promulgated thereunder, but denies that Plaintiffs have stated any cause of action against him.

32.     Mr. Addison admits that the Complaint purports to rely on the referenced jurisdictional provision.

33.     Mr. Addison admits that the Complaint purports to rely on the referenced venue provisions.  Mr. Addison admits that the alleged acts occurred in the District of South Carolina, but denies that any violation of law exists.

34.     Mr. Addison denies the allegations in Paragraph 34 of the Complaint.

35.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint and, therefore, the allegations are denied.

36.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint and, therefore, the allegations are denied.

37.     A description of SCANA and its business during the relevant time period was set forth in SCANA's public filings with the SEC, which are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 37 of the Complaint that are inconsistent therewith.

38.     Defendant Marsh's positions at SCANA and the circumstances of his retirement as stated in SCANA's public filings with the SEC are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 38 of the Complaint that are inconsistent therewith.

39.    Mr. Addison's positions at SCANA as stated in SCANA's public filings with the SEC are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 39 of the Complaint that are inconsistent therewith.

40.    Defendant Byrne's positions at SCANA and the circumstances of his retirement as stated in SCANA's public filings with the SEC are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 40 of the Complaint that are inconsistent therewith.

41.    The allegations in Paragraph 41 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 41 of the Complaint.

42.    Defendant Stowe's positions at SCANA as stated in SCANA's public filings with the SEC, and the contents of SCANA's SEC filings, are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 42 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 42 of the Complaint.

43.    Defendant Hagood's positions at SCANA as stated in SCANA's public filings with the SEC, and the contents of SCANA's SEC filings, are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 43 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 43 of the Complaint.

44.    Defendant Roquemore's positions at SCANA as stated in SCANA's public filings with the SEC, and the contents of SCANA's SEC filings, are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 44 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 44 of the Complaint.

45.     The contents of SCANA's public filings with the SEC are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 45 of the Complaint that are inconsistent therewith.

46.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 46 of the Complaint.

47.     SCANA's Governance Principles speak for themselves. Mr. Addison denies any allegations in Paragraph 47 of the Complaint that are inconsistent therewith.

48.     To the extent this allegation quotes from a SCANA document or website, the source speaks for itself.  Mr. Addison denies any allegations in Paragraph 48 of the Complaint that are inconsistent therewith.

49.     Mr. Addison admits that the Complaint refers to certain defendants as the Director Defendants.

50.     Mr. Addison admits that the Complaint refers to certain defendants as the Individual Defendants.

51.     Mr. Addison admits that the Complaint refers to all defendants as the Defendants.

52.     Mr. Addison admits the allegations in Paragraph 52 of the Complaint.

53.     Mr. Addison admits that Toshiba is the parent company of Westinghouse.  The 2008 EPC Agreement, CB&I's acquisition of The Shaw Group, and the October 2015 Westinghouse acquisition are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 53 of the Complaint that are inconsistent therewith.

54.     Mr. Addison admits that the Complaint refers to certain entities as the Consortium and that the membership of the Consortium changed over time.

55.    A description of SCANA and its business during the relevant time period was set forth in SCANA's public filings with the SEC, which are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 55 of the Complaint that are inconsistent therewith.

56.    A description of SCANA and its business during the relevant time period was set forth in SCANA's public filings with the SEC, which are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 56 of the Complaint that are inconsistent therewith.

57.    A description of SCANA, its business, and the V.C. Summer station during the relevant time period was set forth in SCANA's public filings with the SEC, which are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 57 of the Complaint that are inconsistent therewith.

58.    The contents of SCE&G and Santee Cooper's filings with the NRC and the history of the V.C. Summer Units 2 and 3 project are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 58 of the Complaint that are inconsistent therewith.

59.    The 2008 EPC Agreement is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 59 of the Complaint that are inconsistent therewith.

60.    The circumstances surrounding the construction of V.C. Summer Units 2 and 3 are set forth in SCANA's public filings with the SEC, PSC, South Carolina ORS, and South Carolina legislative testimony, which are matters of public record and speak for themselves.  The September 12, 2008 Wachovia analyst statement also speaks for itself.  Mr. Addison denies any allegations in Paragraph 60 of the Complaint that are inconsistent therewith.

61.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 61 of the Complaint.

62.    The Energy Policy Act is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 62 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 62 of the Complaint.

63.    The provisions of the Energy Policy Act and the Internal Revenue Service's allocations are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 63 of the Complaint that are inconsistent therewith.

64.    SCANA's public statements and SEC filings are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 64 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 64 of the Complaint.

65.    The BLRA and Defendant Marsh's statements regarding same are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 65 of the Complaint that are inconsistent therewith.

66.    The structure of the PSC, the November 21, 2017 filing by the South Carolina Attorney General, and the December 10, 2017 Post and Courier article speak for themselves.  Mr. Addison denies any allegations in Paragraph 66 of the Complaint that are inconsistent therewith.

67.    The BLRA is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 67 of the Complaint that are inconsistent therewith.

68.    The BLRA is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 68 of the Complaint that are inconsistent therewith.

69.     The BLRA is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 69 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 69 of the Complaint.

70.     Mr. Addison's April 27, 2007 earnings call statement speaks for itself.  Mr. Addison denies any allegations in Paragraph 70 of the Complaint that are inconsistent therewith.

71.     SCANA's March 31, 2008 submission to the NRC is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 71 of the Complaint that are inconsistent therewith.

72.     The contents of the 2008 EPC Agreement and the May 30, 2008 application to the PSC are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 72 of the Complaint that are inconsistent therewith.

73.     The May 30, 2008 application to the PSC is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 73 of the Complaint that are inconsistent therewith.

74.     The May 30, 2008 application to the PSC is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 74 of the Complaint that are inconsistent therewith.

75.     Defendants Marsh and Byrne's September 16, 2008 testimony before the PSC speaks for itself.  Mr. Addison denies any allegations in Paragraph 75 of the Complaint that are inconsistent therewith.

76.     Byrne's September 16, 2008 statement before the PSC is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 76 that are inconsistent therewith.  Mr. Addison is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in Paragraph 76 of the Complaint and, therefore, the allegations are denied.

77.    The March 2, 2009 PSC order is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 77 of the Complaint that are inconsistent therewith.

78.    SCANA's May 2009 filings with the PSC are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 78 of the Complaint that are inconsistent therewith.

79.    The March 2012 NRC approval is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 79 of the Complaint that are inconsistent therewith.

80.    SCANA's May 15, 2012 filing with the PSC and the PSC's subsequent approval order are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 80 that are inconsistent therewith.

81.    SCANA's filings with the PSC, the PSC's subsequent approval orders, the December 10, 2017 Post and Courier article, and the quoted January 13, 2018 news article speak for themselves.  Mr. Addison denies any allegations in Paragraph 81 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 81 of the Complaint.

82.    The August 3, 2017 The State article speaks for itself.  Mr. Addison denies any allegations in Paragraph 82 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 82 of the Complaint.

83.    Defendant Marsh's June 5, 2012 statements are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 83 of the Complaint that are inconsistent therewith.

84.     The construction history of V.C. Summer Units 2 and 3 is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 84 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 84 of the Complaint.

85.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 85 of the Complaint.

86.     The September 5, 2013 email speaks for itself. Mr. Addison denies any allegations in Paragraph 86 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 86 of the Complaint.

87.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 87 of the Complaint.

88.     SCANA's March 12, 2015 filing with the PSC and related press release are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 88 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 88 of the Complaint.

89.     Defendant Marsh's May 2015 testimony before the PSC is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 89 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 89 of the Complaint.

90.     The PSC's September 10, 2015 approval order and the testimony from Defendant Byrne cited therein are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 90 of the Complaint that are inconsistent therewith.

91.     The PSC's September 10, 2015 approval order is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 91 of the Complaint that are inconsistent therewith.

92.     The PSC's September 10, 2015 approval order and Defendant Byrne's testimony referenced therein are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 92 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 92 of the Complaint.

93.     Mr. Addison denies the allegations in Paragraph 93 of the Complaint.

94.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 94 of the Complaint.

95.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 95 of the Complaint.

96.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 96 of the Complaint.

97.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 97 of the Complaint.

98.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 98 of the Complaint.

99.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 99 of the Complaint.

100.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 100 of the Complaint.

101.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 101 of the Complaint.

102.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 102 of the Complaint.

103.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 103 of the Complaint.

104.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 104 of the Complaint.

105.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 105 of the Complaint.

106.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 106 of the Complaint.

107.    Mr. Addison admits that Carlette Walker reported to him as a member of the finance department in her role as the Vice President of Nuclear Finance Administration.  Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 107 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 107 of the Complaint.

108.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 108 of the Complaint.

109.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 109 of the Complaint.

110.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 110 of the Complaint.

111.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 111 of the Complaint.

112.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 112 of the Complaint.

113.    Mr. Addison denies that he made the statement referenced in Paragraph 113 of the Complaint.  Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 113 of the Complaint.

114.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 114 of the Complaint.

115.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 115 of the Complaint.

116.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 116 of the Complaint.

117.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 117 of the Complaint.

118.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 118 of the Complaint.

119.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 119 of the Complaint.

120.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 120 of the Complaint.

121.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 121 of the Complaint.

122.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 122 of the Complaint.

123.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 123 of the Complaint.

124.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 124 of the Complaint.

125.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 125 of the Complaint.

126.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 126 of the Complaint.

127.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 127 of the Complaint.

128.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 128 of the Complaint.

129.    Mr. Addison's September 15, 2017 statements speak for themselves. Mr. Addison denies any allegations in Paragraph 129 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 129 of the Complaint.

130.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 130 of the Complaint.

131.    The contents of SCANA's Form 8-K filed with the SEC on October 27, 2015 are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 131 of the Complaint that are inconsistent therewith.

132.    The October 28, 2015 Macquarie Research statement speaks for itself.  Mr. Addison denies any allegations in Paragraph 132 of the Complaint that are inconsistent therewith.

133.    The contents of SCANA's October 29, 2015 quarterly earnings conference call are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 133 of the Complaint that are inconsistent therewith.

134.    Mr. Addison denies that the referenced statements were made by him.

135.     The October 30, 2015 Wells Fargo report and the trading price of SCANA's stock on the public markets are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 135 of the Complaint that are inconsistent therewith.

136.     Defendant Marsh's testimony before the PSC on November 19, 2015 is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 136 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 136 of the Complaint.

137.     Mr. Addison's statements before the PSC on November 19, 2015 are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 137 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 137 of the Complaint.

138.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 138 of the Complaint.

139.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 139 of the Complaint.

140.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 140 of the Complaint.

141.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 141 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 141 of the Complaint.

142.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 142 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 142 of the Complaint.

143.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 143 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 143 of the Complaint.

144.    The ORS' function and role are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 144 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 144 of the Complaint.

145.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 145 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 145 of the Complaint.

146.    Ms. Powell's testimony before the South Carolina Senate V.C. Summer Nuclear Project Review Committee is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 146 of the Complaint that are inconsistent therewith.  Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 146 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 146 of the Complaint.

147.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 147 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 147 of the Complaint.

148.    Senator Rankin's statements speak for themselves.   Mr. Addison denies any allegations in Paragraph 148 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 148 of the Complaint.

149.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 149 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 149 of the Complaint.

150.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 150 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 150 of the Complaint.

151.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 151 of the Complaint.

152.    SCANA's 2015 Form 10-K filed with the SEC is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 152 of the Complaint that are inconsistent therewith.  Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 152 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 152 of the Complaint.

153.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 153 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 153 of the Complaint.

154.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 154 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 154 of the Complaint.

155.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 155 of the Complaint.

156.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 156 of the Complaint.

157.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 157 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 157 of the Complaint.

158.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 158 of the Complaint.

159.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 159 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 159 of the Complaint.

160.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 160 of the Complaint.

161.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 161 of the Complaint.

162.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 162 of the Complaint.

163.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 163 of the Complaint.

164.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 164 of the Complaint.

165.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 165 of the Complaint.

166.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 166 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 166 of the Complaint.

167.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 167 of the Complaint.

168.    Defendant Byrne's statements on the July 28, 2016 earnings call and SCANA's August 5, 2016 Form 10-Q are matters of public record and speak for themselves.  Mr. Addison

denies any allegations in Paragraph 168 of the Complaint that are inconsistent therewith. Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 168 of the Complaint and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 168 of the Complaint.

169.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169 of the Complaint and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 169 of the Complaint.

170.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 of the Complaint and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 170 of the Complaint.

171.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Complaint and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 171 of the Complaint.

172.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172 of the Complaint and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 172 of the Complaint.

173.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173 of the Complaint and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 173 of the Complaint.

174.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of the Complaint and, therefore, the allegations are denied. Mr. Addison otherwise denies the allegations in Paragraph 174 of the Complaint.

175.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 175 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 175 of the Complaint.

176.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 176 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 176 of the Complaint.

177.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 177 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 177 of the Complaint.

178.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 178 of the Complaint.

179.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 179 of the Complaint.

180.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 180 of the Complaint.

181.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 181 of the Complaint.

182.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 182 of the Complaint.

183.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 183 of the Complaint.

184.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 184 of the Complaint.

185.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 185 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 185 of the Complaint.

186.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 186 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 186 of the Complaint.

187.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 187 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 187 of the Complaint.

188.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 188 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 188 of the Complaint.

189.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 189 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 189 of the Complaint.

190.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 190 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 190 of the Complaint.

191.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 191 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 191 of the Complaint.

192.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 192 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 192 of the Complaint.

193.    Mr. Addison has no knowledge of attending a President's Meeting in December 2015.  Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 193 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 193 of the Complaint.

194.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 194 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 194 of the Complaint.

195.    The contents of the January 15, 2016 Youtube video and SCANA's March 29, 2016 proxy statement filed with the SEC are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 195 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 195 of the Complaint.

196.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 196 of the Complaint.

197.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 197 of the Complaint. The contents of SCANA's Form 10-K filed on February 26, 2015 and Form 10-Q filed on May 6, 2016 are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 197 of the Complaint that are inconsistent therewith.

198.    Defendant Byrne's statements before the PSC are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 198 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 198 of the Complaint.

199.    Mr. Addison's statement before the PSC is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 199 of the Complaint that are inconsistent therewith.  Mr. Addison otherwise denies the allegations in Paragraph 199 of the Complaint.

200.    Defendant Marsh's testimony before the PSC is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 200 of the Complaint that are inconsistent therewith.

201.    Defendant Marsh's testimony before the PSC is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 201 of the Complaint that are inconsistent therewith.  Mr. Addison is without or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 201 of the Complaint and, therefore, the allegations are denied.

202.    Defendant Byrne's statement on the July 28, 2016 earnings call, the UBS analyst report, and the Macquarie analyst report are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 202 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 202 of the Complaint.

203.    The September 23, 2016 Post and Courier article and Defendant Marsh's statement referenced therein are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 203 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 203 of the Complaint.

204.    The September 23, 2016 Post and Courier article and Defendant Marsh's statement referenced therein are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 204 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 204 of the Complaint.

205.    SCANA's media day videos are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 205 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 205 of the Complaint.

206.    SCANA's May 26, 2016 filing with the PSC and press release related thereto are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 206 of the Complaint that are inconsistent therewith.

207.    The June 5, 2016 Wells Fargo analyst report is a matter of public record and speaks for itself. Mr. Addison denies any allegations in Paragraph 207 of the Complaint that are inconsistent therewith.

208.    The election of the fixed price option as set forth in SCANA's public filings with the PSC and SEC, and the PSC's directive, are matters of public record and speak for themselves.

Mr. Addison denies any allegations in Paragraph 208 of the Complaint that are inconsistent therewith.

209.     Mr. Addison denies the allegations in Paragraph 209 of the Complaint.

210.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 210 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 210 of the Complaint.

211.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 211 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 211 of the Complaint.

212.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 212 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 212 of the Complaint.

213.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 213 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 213 of the Complaint.

214.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 214 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 214 of the Complaint.

215.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 215 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 215 of the Complaint.

216.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 216 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 216 of the Complaint.

217.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 217 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 217 of the Complaint.

218.    Dominion's filings with the SEC and Toshiba's December 2016 announcement are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 218 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 218 of the Complaint.

219.    Defendants' statements on the February 18, 2016 earnings call are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 219 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 219 of the Complaint.

220.    Defendant Byrne's statements on the April 28, 2016 earnings call are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 220 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 220 of the Complaint.

221.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 221 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 221 of the Complaint.

222.    The contents of SCANA's 10-Ks filed with the SEC are matters of public record and speak for themselves.  SCANA's Governance Principles also speak for themselves.  Mr.

Addison denies any allegations in Paragraph 222 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 222 of the Complaint.

223.    Defendant Marsh's September 2008 testimony before the PSC is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 223 of the Complaint that are inconsistent therewith.

224.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 224 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 224 of the Complaint.

225.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 225 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 225 of the Complaint.

226.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 226 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 226 of the Complaint.

227.    Mr. Addison denies the allegations in Paragraph 227 of the Complaint.

228.    The circumstances and press surrounding Westinghouse and Toshiba's financial difficulties in December 2016, including the Bloomberg Technology and Wall Street Journal article, are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 228 of the Complaint that are inconsistent therewith.

229.    The daily trading price of SCANA's stock on the public market is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 229 of the Complaint that are inconsistent therewith.

230.    The circumstances and press surrounding Westinghouse and Toshiba's financial difficulties in February 2017, including the The New York Times and Benzinga articles, are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 230 of the Complaint that are inconsistent therewith.

231.    The daily trading price of SCANA's stock on the public market is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 231 of the Complaint that are inconsistent therewith.

232.    SCANA's February 14, 2017 press release is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 232 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 232 of the Complaint.

233.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 233 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 233 of the Complaint.

234.    The February 14, 2017 Wells Fargo report is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 234 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 234 of the Complaint.

235.    The February 15, 2017 The State article is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 235 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 235 of the Complaint.

236.    The contents of SCANA's February 16, 2017 quarterly call are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 236 of the

Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 236 of the Complaint.

237.    The contents of SCANA's February 16, 2017 quarterly call are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 237 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 237 of the Complaint.

238.    The contents of SCANA's February 16, 2017 quarterly call are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 238 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 238 of the Complaint.

239.    The February 16, 2017 Wells Fargo and March 3, 2017 UBS reports are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 239 of the Complaint that are inconsistent therewith.

240.    The daily trading price of SCANA's stock on the public market is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 240 of the Complaint that are inconsistent therewith.

241.    The March 22, 2017 Morgan Stanley report speaks for itself.  Mr. Addison denies any allegations in Paragraph 241 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 241 of the Complaint.

242.    The March 22, 2017 Morgan Stanley report speaks for itself.  Mr. Addison denies any allegations in Paragraph 242 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 242 of the Complaint.

243.    The March 22, 2017 Reuters article is a matter of public record and speaks for itself. Mr. Addison denies any allegations in Paragraph 243 of the Complaint that are inconsistent therewith.

244.    The daily trading price of SCANA's stock on the public market is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 244 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 244 of the Complaint.

245.    SCANA's March 29, 2017 press release regarding Westinghouse's bankruptcy filing is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 245 of the Complaint that are inconsistent therewith.

246.    The contents of SCANA's March 29, 2017 conference call are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 246 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 246 of the Complaint.

247.    The contents of SCANA's March 29, 2017 conference call are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 247 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 247 of the Complaint.

248.    The contents of SCANA's March 29, 2017 conference call are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 248 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 248 of the Complaint.

249.    The March 29, 2017 Associated Press State & Local, Charlotte Business Journal, and The State articles speak for themselves.  Mr. Addison denies any allegations in Paragraph 249 of the Complain that are inconsistent therewith and otherwise denies the allegations in Paragraph 249 of the Complaint.

250.    The March 30, 2017 Gabelli & Co. and Wells Fargo reports speak for themselves. Mr. Addison denies any allegations in Paragraph 250 of the Complaint that are inconsistent therewith.

251.    Defendant Byrne's April 27, 2017 statement is a matter of public record and speaks for itself. Mr. Addison denies any allegations in Paragraph 251 of the Complaint that are inconsistent therewith.

252.    Gabelli & Company's statement speaks for itself.  Mr. Addison denies any allegations in Paragraph 252 that are inconsistent therewith.

253.    The April 28, 2017 UBS report speaks for itself.  Mr. Addison denies any allegations in Paragraph 253 of the Complaint that are inconsistent therewith.

254.    The terms of the Toshiba parental guarantee are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 254 of the Complaint that are inconsistent therewith.

255.    SCANA's and Santee Cooper's July 27, 2017 joint statement and the July 27, 2017 The State article speaks for itself.  Mr. Addison denies any allegations in Paragraph 255 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 255 of the Complaint.

256.    The July 28, 2017 Guggenheim report speaks for itself.  Mr. Addison denies any allegations in Paragraph 256 of the Complaint that are inconsistent therewith.

257.   The daily trading price of SCANA's stock on the public market is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 257 of the Complaint that are inconsistent therewith.

258.   The July 28, 2017 Gabelli & Company and Wells Fargo reports speak for themselves.  Mr. Addison denies any allegations in Paragraph 258 of the Complaint that are inconsistent therewith.

259.   The contents of SCANA's July 31, 2017 press release are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 259 of the Complaint that are inconsistent therewith.

260.   Defendants' statements are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 260 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 260 of the Complaint.

261.   Defendants' statements on the July 31, 2017 conference call are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 261 of the Complaint that are inconsistent therewith.

262.   The July 31, 2017 Guggenheim report speaks for itself.  Mr. Addison denies any allegations in Paragraph 262 of the Complaint that are inconsistent therewith.

263.   Defendants' statements before the PSC are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 263 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 263 of the Complaint.

264.   Defendants' statements before the PSC are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 264 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 264 of the Complaint.

265.    The transcript of the August 1, 2017 proceeding before the PSC is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 265 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 265 of the Complaint.

266.    The August 2, 2017 press release and August 2, 2017 Post and Courier article speak for themselves.  Mr. Addison denies any allegations in Paragraph 266 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 266 of the Complaint.

267.    SCANA's August 3, 2017 earnings announcement and August 3, 2017 conference call are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 267 of the Complaint that are inconsistent therewith.

268.    Defendant Byrne's August 3, 2017 statement is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 268 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 268 of the Complaint.

269.    The contents of SCANA's August 3, 2017 earnings call are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 269 of the Complaint that are inconsistent therewith.

270.    Mr. Wilson's August 4, 2017 statements regarding an investigation and the August 4, 2017 Post and Courier article speak for themselves.  Mr. Addison denies any allegations in Paragraph 270 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 270 of the Complaint.

271.    The August 4, 2017 The State article speaks for itself.  Mr. Addison denies any allegations in Paragraph 271 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 271 of the Complaint.

272.     The daily trading price of SCANA's stock on the public market is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 272 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 272 of the Complaint.

273.     The existence of investigations and lawsuits speaks for itself.  Mr. Addison denies any allegations in Paragraph 273 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 273 of the Complaint.

274.     The August 9, 2017 The State article and the ORS' actions, as well as Speaker Lucas' petition, speak for themselves.  Mr. Addison denies any allegations in Paragraph 274 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 274 of the Complaint.

275.     The August 10, 2017 Post and Courier article speaks for itself.  Mr. Addison denies any allegations in Paragraph 275 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 275 of the Complaint.

276.     The daily trading price of SCANA's stock on the public market is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 276 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 276 of the Complaint.

277.     SCANA's August 15, 2017 press release is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 277 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 277 of the Complaint.

278.     The contents of the August 22, 2017 hearing are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 278 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 278 of the Complaint.

279.     Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 279 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 279 of the Complaint.

280.     The contents of the August 31, 2017 The State article speak for themselves.  Mr. Addison denies any allegations in Paragraph 280 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 280 of the Complaint.

281.     Mr. Addison admits that Santee Cooper provided the February 2016 Bechtel Report to Governor McMaster in or around September 2017.  Governor McMaster's September 4, 2017 statement speaks for itself.  Mr. Addison otherwise denies the allegations in Paragraph 281 of the Complaint.

282.     The September 4, 2017 The State article speaks for itself.  Mr. Addison denies any allegations in Paragraph 282 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 282 of the Complaint.

283.     The news articles published in September 2017 speak for themselves. Mr. Addison denies any allegations in Paragraph 283 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 283 of the Complaint.

284.     The September 7, 2017 The State article speaks for itself.  Mr. Addison denies any allegations in Paragraph 284 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 284 of the Complaint.

285.    The September 7, 2017 Post and Courier article speaks for itself.  Mr. Addison denies any allegations in Paragraph 285 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 285 of the Complaint.

286.    The daily trading price of SCANA's stock on the public market is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 286 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 286 of the Complaint.

287.    Defendant Marsh and Representative McCoy's September 15, 2017 statements speak for themselves.  Mr. Addison denies any allegations in Paragraph 287 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 287 of the Complaint.

288.    Defendant Marsh's September 18, 2017 statements speak for themselves.  Mr. Addison denies any allegations in Paragraph 288 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 288 of the Complaint.

289.    Chairman Massey's September 18, 2017 statements speak for themselves.  Mr. Addison denies any allegations in Paragraph 289 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 289 of the Complaint.

290.    Senator Rankin and Defendant Marsh's exchange is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 290 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 290 of the Complaint.

291.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 291 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 291 of the Complaint.

292.     SCANA's September 21, 2017 press release and The State's statements speak for themselves.  Mr. Addison denies any allegations in Paragraph 292 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 292 of the Complaint.

293.     The referenced news reports speak for themselves.  Mr. Addison denies any allegations in Paragraph 293 of the Complaint that are inconsistent therewith and otherwise deny the allegations in Paragraph 293 of the Complaint.

294.     The September 22, 2017 The State article and Wells Fargo comment speak for themselves.  Mr. Addison denies any allegations in Paragraph 294 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 294 of the Complaint.

295.     The daily trading price of SCANA's stock on the public market is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 295 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 295 of the Complaint.

296.     The existence of the SLED investigation and the contents of the September 25, 2017 The State article speak for themselves.  Mr. Addison denies any allegations in Paragraph 296 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 296 of the Complaint.

297.     The September 26, 2017 Post and Courier article and the ORS filing speak for themselves.  Mr. Addison denies any allegations in Paragraph 297 of the Complaint that are inconsistent therewith, and otherwise denies the allegations in Paragraph 297 of the Complaint.

298.     The September 27, 2017 The State article speaks for itself.  Mr. Addison denies any allegations in Paragraph 298 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 298 of the Complaint.

299.    The daily trading price of SCANA's stock on the public market is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 299 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 299 of the Complaint.

300.    The credit ratings agencies' statements and actions speak for themselves.  Mr. Addison denies any allegations in Paragraph 300 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 300 of the Complaint.

301.    The September 29, 2017 Post and Courier article speaks for itself.  Mr. Addison denies any allegations in Paragraph 301 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 301 of the Complaint.

302.    The daily trading price of SCANA's stock on the public market is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 302 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 302 of the Complaint.

303.    SCANA's October 17, 2017 disclosure regarding the SEC subpoena and Governor McMaster's October 19, 2017 letter speak for themselves.  Mr. Addison denies any allegations in Paragraph 303 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 303 of the Complaint.

304.    The October 19, 2017 The State article speaks for itself. Mr. Addison denies any allegations in Paragraph 304 of the Complaint that are inconsistent therewith.  The terms of Mr. Addison's bonus compensation are set forth in SCANA corporate records and SCANA's public filings with the SEC, which speak for themselves.  Mr. Addison denies any allegations in

Paragraph 304 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 304 of the Complaint.

305.    The daily trading price of SCANA's stock on the public market is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 305 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 305 of the Complaint.

306.    SCANA's earnings announcement is a matter of public record and speaks for itself. Mr. Addison denies any allegations in Paragraph 306 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 306 of the Complaint.

307.    The contents of SCANA's October 26, 2017 earnings call are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 307 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 307 of the Complaint.

308.    The October 26, 2017 Guggenheim and October 27, 2017 Morgan Stanley analyst reports speak for themselves.  Mr. Addison denies any allegations in Paragraph 308 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 308 of the Complaint.

309.    The daily trading price of SCANA's stock on the public markets is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 309 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 309 of the Complaint.

310.    The terms of Defendant Marsh and Defendant Byrne's retirements are set forth in SCANA's public statements and filings with the SEC, which are a matter of public record and

speak for themselves.  The October 2017 news reports, including the October 31, 2017 Post and Courier article, and Speaker Lucas' statements speak for themselves.  Mr. Addison denies any allegations in Paragraph 310 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 310 of the Complaint.

311.    The terms of Defendant Marsh and Defendant Byrne's retirements are set forth in SCANA's public statements and filings with the SEC, which are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 311 of the Complaint that are inconsistent therewith.  Mr. Addison admits that he began serving as CEO of SCANA on or around January 1, 2018.  The contents of the October 31, 2017 The State article speak for themselves.  Mr. Addison denies any allegations in Paragraph 311 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 311 of the Complaint.

312.    The October 31, 2017 Post and Courier article speaks for itself.  Mr. Addison denies any allegations in Paragraph 312 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 312 of the Complaint.

313.    The daily trading price of SCANA's stock on the public markets is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 313 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 313 of the Complaint.

314.    The November 22, 2017 Post and Courier article speaks for itself.  Mr. Addison denies any allegations in Paragraph 314 of the Complaint that are inconsistent therewith.  Mr. Addison admits that the first Bechtel report became public in or around November 2017 but otherwise denies the allegations in Paragraph 314 of the Complaint.

315.     Representative Sandifer's September 15, 2017 statements speak for themselves. Mr. Addison denies any allegations in Paragraph 315 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 315 of the Complaint.

316.     The November 22, 2017 Post and Courier article speaks for itself. Mr. Addison denies any allegations in Paragraph 316 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 316 of the Complaint.

317.     The PSC's December 20, 2017 press release is a matter of public record and speaks for itself. The December 20, 2017 Post and Courier article speaks for itself as well. Mr. Addison denies any allegations in Paragraph 317 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 317 of the Complaint.

318.     The December 23, 2017 Morgan Stanley report speaks for itself. Mr. Addison denies any allegations in Paragraph 318 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 318 of the Complaint.

319.     The daily trading price of SCANA's stock on the public markets is a matter of public record and speaks for itself. Mr. Addison denies any allegations in Paragraph 319 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 319 of the Complaint.

320.     The terms of Defendant Marsh and Defendant Byrne's retirements are set forth in SCANA's public statements and filings with the SEC, which are a matter of public record and speak for themselves. SCANA's January 5, 2018 announcement and the January 6, 2018 Post and Courier speak for themselves. Mr. Addison denies any allegations in Paragraph 320 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 320 of the Complaint.

321.     Dominion's Form S-4 filed on February 14, 2018 is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 321 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 321 of the Complaint.

322.     The daily trading price of SCANA's stock on the public markets is a matter of public record and speaks for itself.  The announcement and terms of the SCANA-Dominion merger are also matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 322 of the Complaint that are inconsistent therewith.

323.     The January 4, 2018 joint press release, Thomas Ferrell's January 29, 2018 statements, and Chet Wade's March 15, 2018 statements are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 323 of the Complaint that are inconsistent therewith.  Mr. Addison admits that lawsuits were filed that attempted unsuccessfully to block the merger.

324.     The terms of House Bill 4375 speak for themselves.  Mr. Addison denies any allegations in Paragraph 324 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 324 of the Complaint.

325.     Speaker Lucas' statements during debate over Bill 4375 speak for themselves.  Mr. Addison denies any allegations in Paragraph 325 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 325 of the Complaint.

326.     The legislative history of Bill 4375 is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 326 of the Complaint that are inconsistent therewith.

327.    Dominion's statement regarding Bill 4375 is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 327 of the Complaint that are inconsistent therewith.

328.    The legislative history of Bill 954, Bill 4375, and the South Carolina Senate's public statements regarding legislation are matters of public record and speak for themselves.  SCANA and Dominion's February 20, 2018 joint letter is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 328 of the Complaint that are inconsistent therewith.

329.    Moody's February 5, 2018 downgrade and public statements regarding same speak for themselves.  Mr. Addison denies any allegations in Paragraph 329 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 329 of the Complaint.

330.    SCANA's February 6, 2018 statement regarding the Moody's downgrade speaks for itself.  Mr. Addison denies any allegations in Paragraph 330 of the Complaint that are inconsistent therewith.

331.    The March 29, 2018 Post and Courier article speaks for itself.  Mr. Addison denies any allegations in Paragraph 331 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 331 of the Complaint.

332.    Mr. Addison admits that Carlette Walker held a number of positions at SCANA and its subsidiaries between the 1980s and 2016.  Mr. Addison admits that Carlette Walker reported to him during the putative Class Period until she left the Company.  The March 29, 2018 Post and Courier article speaks for itself.  Mr. Addison denies any allegations in Paragraph 332 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 332 of the Complaint.

333.    The contents of Carlette Walker's voicemail speak for themselves.  Mr. Addison denies any allegations in Paragraph 333 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 333 of the Complaint.

334.    The March 29, 2018 Post and Courier article and Carlette Walker's historical compensation speak for themselves.  Mr. Addison denies any allegations in Paragraph 334 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 334 of the Complaint.

335.    The August 9, 2017 The State article speaks for itself.  Mr. Addison denies any allegations in Paragraph 335 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 335 of the Complaint.

336.    Mr. Addison denies the allegations in Paragraph 336 of the Complaint.

337.    Mr. Addison denies the allegations in Paragraph 337 of the Complaint.

338.    Defendants' public statements between October 27, 2015 and November 9, 2016 speak for themselves.  Mr. Addison denies any allegations in Paragraph 338 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 338 of the Complaint.

339.    SCANA's October 27, 2015 Form 8-K speaks for itself.  Mr. Addison denies any allegations in Paragraph 339 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 339 of the Complaint.

340.    Defendant Marsh's October 27, 2015 statements speak for themselves.  Mr. Addison denies any allegations in Paragraph 340 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 340 of the Complaint.

341.    SCANA's November 6, 2015 Form 10-Q and Defendant Marsh's November 19, 2015 testimony before the PSC are matters of public record and speak for themselves.  Mr. Addison

denies any allegations in Paragraph 341 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 341 of the Complaint.

342.    Defendants' public statements referenced in Paragraph 342 of the Complaint are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 342 of the Complaint that are inconsistent therewith.  Mr. Addison denies that the October 29, 2015 statement that the total fixed price option cost would be $7.601 billion was made by him, and otherwise denies the allegations in Paragraph 342 of the Complaint.

343.    Mr. Addison denies that the referenced October 29, 2015 statements were made by him.  Mr. Addison otherwise denies the allegations in Paragraph 343 of the Complaint.

344.    Mr. Addison's July 1, 2016 testimony is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 344 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 344 of the Complaint.

345.    Defendant Byrne's July 1, 2016 testimony is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 345 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 345 of the Complaint.

346.    Defendant Byrne's July 28, 2016 statement is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 346 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 346 of the Complaint.

347.    Toshiba's February 14, 2017 announcement and SCANA's February 14, 2017 press release are matters of public record and speak for themselves. Mr. Addison denies any allegations in Paragraph 347 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 347 of the Complaint.

348.    SCANA's February 14, 2017 press release speaks for itself.  Mr. Addison denies any allegations in Paragraph 348 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 348 of the Complaint.

349.    Defendant Byrne's February 16, 2017 earnings call statement speaks for itself. Mr. Addison denies any allegations in Paragraph 349 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 349 of the Complaint.

350.    SCANA's Form 10-K filed on February 24, 2017 with the SEC speaks for itself. Mr. Addison denies any allegations in Paragraph 350 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 350 of the Complaint.

351.    SCANA's 10-Q filed on May 5, 2017 with the SEC is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 351 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 351 of the Complaint.

352.    Mr. Addison admits that Plaintiffs identified and listed certain statements in an appendix but denies that the statements were false or misleading.

353.    Mr. Addison denies the allegations in Paragraph 353 of the Complaint.

354.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 354 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 354 of the Complaint.

355.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 355 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 355 of the Complaint.

356.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 356 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 356 of the Complaint.

357.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 357 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 357 of the Complaint.

358.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 358 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 358 of the Complaint.

359.    Mr. Addison is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 359 of the Complaint and, therefore, the allegations are denied.  Mr. Addison otherwise denies the allegations in Paragraph 359 of the Complaint.

360.    Mr. Addison denies the allegations in Paragraph 360 of the Complaint.

361.    Mr. Addison denies the allegations in Paragraph 361 of the Complaint.

362.    Mr. Addison's November 19, 2015 statement before the PSC is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 362 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 362 of the Complaint.

363.    Item No. 26 to the EPC Amendment as attached to SCANA's November 6, 2015 Form 10-Q speaks for itself.  Mr. Addison denies any allegations in Paragraph 363 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 363 of the Complaint.

364.    Mr. Addison's November 19, 2015 statements and Item No. 26 of the EPC Amendment speak for themselves.  Mr. Addison denies any allegations in Paragraph 364 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 364 of the Complaint.

365.    The September 23, 2016 Post and Courier article speaks for itself.  Mr. Addison denies any allegations in Paragraph 365 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 365 of the Complaint.

366.    Defendant Marsh's March 29, 2017 statement speaks for itself.  Mr. Addison denies any allegations in Paragraph 366 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 366 of the Complaint.

367.    Defendant Marsh's August 3, 2017 and September 18, 2017 statements speak for themselves.  Mr. Addison denies any allegations in Paragraph 367 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 367 of the Complaint.

368.    Mr. Addison denies the allegations in Paragraph 368 of the Complaint.

369.    Mr. Addison denies the allegations in Paragraph 369 of the Complaint.

370.    Mr. Addison denies the allegations in Paragraph 370 of the Complaint.

371.    Mr. Addison denies the allegations in Paragraph 371 of the Complaint.

372.    Mr. Addison denies the allegations in Paragraph 372 of the Complaint.

373.    Public statements by analysts, PSC Commissioners, and Defendants speak for themselves.  Mr. Addison denies any allegations in Paragraph 373 of the Complaint that are inconsistent therewith.

374.    Mr. Addison denies that this statement was made by him and otherwise denies the allegations in Paragraph 374 of the Complaint.

375.     Mr. Addison denies that this statement was made by him and otherwise denies the allegations in Paragraph 375 of the Complaint.

376.     Defendant Byrne's November 19, 2015 statement speaks for itself.  Mr. Addison denies any allegations in Paragraph 376 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 376 of the Complaint.

377.     Mr. Addison denies that the October 29, 2015 conference call statements were made by him and otherwise denies the allegations in Paragraph 377 of the Complaint.

378.     Mr. Addison denies the allegations in Paragraph 378 of the Complaint.

379.     Mr. Addison denies the allegations in Paragraph 379 of the Complaint.

380.     SCANA's Form 10-Q filed November 6, 2015 is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 380 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 380 of the Complaint.

381.     SCANA's public filings with the SEC are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 381 of the Complaint that are inconsistent therewith.

382.     Defendants' July 1, 2016 testimony before the PSC is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 382 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 382 of the Complaint.

383.     Defendant Byrne's July 1, 2016 testimony before the PSC is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 383 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 383 of the Complaint.

384.    The transcript of the February 16, 2017 SCANA earnings call speaks for itself.  Mr. Addison denies any allegations in Paragraph 384 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 384 of the Complaint.

385.    The transcript of SCANA's March 29, 2017 conference call speaks for itself.  Mr. Addison denies any allegations in Paragraph 385 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 385 of the Complaint.

386.    Defendant Marsh's September 18, 2017 statement before the South Carolina Senate speaks for itself.  Mr. Addison denies any allegations in Paragraph 386 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 386 of the Complaint.

387.    Defendant Marsh's September 18, 2017 statement before the South Carolina Senate speaks for itself.  Mr. Addison denies any allegations in Paragraph 387 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 387 of the Complaint.

388.    Mr. Addison's October 26, 2017 statement speaks for itself.  Mr. Addison denies any allegations in Paragraph 388 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 388 of the Complaint.

389.    Mr. Addison denies the allegations in Paragraph 389 of the Complaint.

390.    Mr. Addison denies the allegations in Paragraph 390 of the Complaint.

391.    Mr. Addison denies the allegations in Paragraph 391 of the Complaint.

392.    The contents of the January 15, 2016 Youtube video speak for themselves.  Mr. Addison denies any allegations in Paragraph 392 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 392 of the Complaint.

393.    The contents of SCANA's March 29, 2016 proxy statement filed with the SEC are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in

Paragraph 393 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 393 of the Complaint.

394.    Defendant Byrne's April 28, 2016 statements speak for themselves.  Mr. Addison denies any allegations in Paragraph 394 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 394 of the Complaint.

395.    SCANA's May 26, 2016 press release speaks for itself.  Mr. Addison denies any allegations in Paragraph 395 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 395 of the Complaint.

396.    The contents of the two Media Day 2015 videos speak for themselves.  Mr. Addison denies any allegations in Paragraph 396 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 396 of the Complaint.

397.    Defendant Byrne's October 27, 2016 and February 16, 2017 statements and Defendant Marsh's February 16, 2017 statement are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 397 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 397 of the Complaint.

398.    Defendant Byrne's August 1, 2017 statement and Defendant Marsh's August 3, 2017 statement speak for themselves. Mr. Addison denies any allegations in Paragraph 398 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 398 of the Complaint.

399.    Mr. Addison denies the allegations in Paragraph 399 of the Complaint.

400.    Mr. Addison denies the allegations in Paragraph 400 of the Complaint.

401.    Mr. Addison denies the allegations in Paragraph 401 of the Complaint.

402.    Mr. Addison denies the allegations in Paragraph 402 of the Complaint.

403.    Defendant Byrne's February 18, 2016 and April 28, 2016 statements speak for themselves.  Mr. Addison denies any allegations in Paragraph 403 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 403 of the Complaint.

404.    SCANA's and Santee Cooper's election of the fixed price option in mid-2016 and the February 12, 2017 Post and Courier article are matters of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 404 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 404 of the Complaint.

405.    The February 14, 2017 press release is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 405 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 405 of the Complaint.

406.    The contents of SCANA's February 16, 2017 earnings call are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 406 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 406 of the Complaint.

407.    The contents of SCANA's February 16, 2017 earnings call are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 407 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 407 of the Complaint.

408.    The contents of SCANA's February 16, 2017 earnings call are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 408 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 408 of the Complaint.

409.    The contents of SCANA's March 29, 2017 conference call are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 409 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 409 of the Complaint.

410.    Defendant Byrne's April 27, 2017 statements speak for themselves. Mr. Addison denies any allegations in Paragraph 410 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 410 of the Complaint.

411.    Mr. Addison denies the allegations in Paragraph 411 of the Complaint.

412.    Mr. Addison denies the allegations in Paragraph 412 of the Complaint.

413.    Mr. Addison denies the allegations in Paragraph 413 of the Complaint.

414.    Mr. Addison denies the allegations in Paragraph 414 of the Complaint.

415.    SCANA's July 31, 2017 press release speaks for itself.  Mr. Addison denies any allegations in Paragraph 415 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 415 of the Complaint.

416.    Defendants Marsh and Byrne's August 1, 2017 and August 3, 2017 statements speak for themselves.  Mr. Addison denies any allegations in Paragraph 416 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 416 of the Complaint.

417.    Defendant Marsh's September 15, 2017 statements are a matter of public record and speak for themselves.  Mr. Addison denies any allegations in Paragraph 417 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 417 of the Complaint.

418.    Defendants' September 15, 2017 statements before the South Carolina House Utility Ratepayer Protection Committee speak for themselves.  Mr. Addison denies any allegations

in Paragraph 418 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 418 of the Complaint.

419.     Defendant Marsh's September 18, 2017 statements speak for themselves.  Mr. Addison denies any allegations in Paragraph 419 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 419 of the Complaint.

420.     SCANA's September 28, 2017 press release speaks for itself.  Mr. Addison denies any allegations in Paragraph 420 of the Complaint that are inconsistent therewith and otherwise denies the allegations in Paragraph 420 of the Complaint.

421.     Mr. Addison denies the allegations in Paragraph 421 of the Complaint.

422.     Mr. Addison denies the allegations in Paragraph 422 of the Complaint.

423.     Plaintiffs' claims regarding Item 303 have already been dismissed by the Court by Order dated March 29, 2019 [ECF No. 143], thus, no response to this allegation is necessary.

424.     Plaintiffs' claims regarding Item 303 have already been dismissed by the Court by Order dated March 29, 2019 [ECF No. 143], thus, no response to this allegation is necessary.

425.     Plaintiffs' claims regarding Item 303 have already been dismissed by the Court by Order dated March 29, 2019 [ECF No. 143], thus, no response to this allegation is necessary.

426.     Plaintiffs' claims regarding Item 303 have already been dismissed by the Court by Order dated March 29, 2019 [ECF No. 143], thus, no response to this allegation is necessary.

427.     Plaintiffs' claims regarding Item 303 have already been dismissed by the Court by Order dated March 29, 2019 [ECF No. 143], thus, no response to this allegation is necessary.

428.     Plaintiffs' claims regarding Item 303 have already been dismissed by the Court by Order dated March 29, 2019 [ECF No. 143], thus, no response to this allegation is necessary.

429.    The allegations in Paragraph 429 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied. Mr. Addison otherwise denies the allegations in Paragraph 429 of the Complaint.

430.    The daily trading price of SCANA's stock on the public market is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 430 of the Complaint that are inconsistent therewith.  The remaining allegations in Paragraph 430 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied. Mr. Addison otherwise denies the allegations in Paragraph 430 of the Complaint.

431.    The daily trading price of SCANA's stock on the public market is a matter of public record and speaks for itself.  Mr. Addison denies any allegations in Paragraph 431 of the Complaint that are inconsistent therewith.  The remaining allegations in Paragraph 431 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.

432.    The allegations in Paragraph 432 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied. Mr. Addison otherwise denies the allegations in Paragraph 432 of the Complaint.

433.    The allegations in Paragraph 433 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied. Mr. Addison otherwise denies the allegations in Paragraph 433 of the Complaint.

434.    The allegations in Paragraph 434 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 434 of the Complaint.

435.    The allegations in Paragraph 435 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 435 of the Complaint.

436.    The allegations in Paragraph 436 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 436 of the Complaint.

437.    The allegations in Paragraph 437 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 437 of the Complaint.

438.    The allegations in Paragraph 438 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 438 of the Complaint.

439.    Mr. Addison admits that Plaintiffs have brought this matter as a putative class action and excluded certain members from the class, but denies that the action should be maintained as a class action.

440.    The allegations in Paragraph 440 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 440 of the Complaint.

441.    The allegations in Paragraph 441 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  The number of SCANA shares outstanding at any given time is a matter of public record which speaks for itself.  Mr. Addison denies any allegations in Paragraph 441 of the Complaint that are inconsistent therewith.

442.    The allegations in Paragraph 442 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 442 of the Complaint.

443.    The allegations in Paragraph 443 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 443 of the Complaint.

444.    The allegations in Paragraph 444 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 444 of the Complaint.

445.    The allegations in Paragraph 445 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 445 of the Complaint.

446.    Mr. Addison readopts and re-alleges his responses to the allegations set forth above with the same force and effect as if fully set forth herein.

447.    Mr. Addison admits that Plaintiffs assert this Count against certain Defendants but deny that Plaintiffs have stated any cause of action.

448.    The allegations in Paragraph 448 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 448 of the Complaint.

449.    The allegations in Paragraph 449 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 449 of the Complaint.

450.    The allegations in Paragraph 450 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 450 of the Complaint.

451.    The allegations in Paragraph 451 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 451 of the Complaint.

452.    The allegations in Paragraph 452 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 452 of the Complaint.

453.    Mr. Addison readopts and re-alleges his responses to the allegations set forth above with the same force and effect as if fully set forth herein.

454.    Mr. Addison admits that Plaintiffs assert this Count against certain Defendants, but deny that Plaintiffs have stated any cause of action.

455.    The allegations in Paragraph 455 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 455 of the Complaint.

456.    The allegations in Paragraph 456 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 456 of the Complaint.

457.    The allegations in Paragraph 457 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 457 of the Complaint.

458.    The allegations in Paragraph 458 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 458 of the Complaint.

459.    The allegations in Paragraph 459 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 459 of the Complaint.

460.    The allegations in Paragraph 460 of the Complaint attempt to state legal conclusions, which are incorrect, and which, in any event, do not require a response, and, therefore, are denied.  Mr. Addison otherwise denies the allegations in Paragraph 460 of the Complaint.

### FOR A THIRD AND SEPARATE DEFENSE

Mr. Addison denies any allegations not specifically admitted above.

### FOR A FOURTH AND SEPARATE DEFENSE

The claims of some or all of the putative class are barred based on the doctrine of assumption of risk.

### FOR A FIFTH AND SEPARATE DEFENSE

This action, in whole or in part, is not properly maintainable as a class action under Fed. R. Civ. P. 23.

### FOR A SIXTH AND SEPARATE DEFENSE

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 10(b) of the Exchange Act: (1) a material misstatement or omission, (2) by the defendant, (3) made in connection with the purchase or sale of a security, (4) and with scienter, (5) on which the investor reasonably relied, (6) that resulted in economic loss, and that was (7) proximately caused by the alleged misstatement or omission (*i.e.*, loss causation).

## FOR A SEVENTH AND SEPARATE DEFENSE

Plaintiffs cannot meet their burden of proving the essential elements of a claim under Section 20(a) of the Exchange Act: (1) a primary violation under Section 10(b), (2) power by the defendant to control the specific transaction or activity upon which the primary violation is predicated, and (3) actual participation by the defendant (*i.e.*, exercise of control) in the operations of the primary violator in general.

## FOR AN EIGHTH AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Mr. Addison acted in good faith and did not directly or indirectly control or induce any acts constituting a violation of the securities laws.

## FOR A NINTH AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are barred due to the failure of the Complaint to allege facts demonstrating any false or misleading statements and why those statements were false or misleading as required by the Private Securities Litigation Reform Act as well as Plaintiffs' inability to prove any such facts.

## FOR A TENTH AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are barred based on the truth and sufficiency of all statements upon which their alleged claims are based.

## FOR AN ELEVENTH AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Mr. Addison had no duty of disclosure with respect to the alleged misrepresentations or omissions.

## FOR A TWELFTH AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are barred to the extent that they are based on statements that are not attributable to Mr. Addison.

## FOR A THIRTEENTH AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are barred by the "Bespeaks Caution Doctrine" and the "Safe Harbor Provision" of the Reform Act.

## FOR A FOURTEENTH AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are inactionable under the *Sante Fe* doctrine.

## FOR A FIFTEENTH AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are barred due to the failure of the Complaint to allege facts demonstrating a strong inference of scienter as required by the Private Securities Litigation Reform Act, and Plaintiffs' inability to prove any such facts, with regard to each Defendant and as to each alleged misstatement.

## FOR A SIXTEENTH AND SEPARATE DEFENSE

Any decline in the value of SCANA shares was caused by intervening and superseding causes.

## FOR A SEVENTEENTH AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because the damages allegedly suffered (which Mr. Addison contends there are none) are the proximate result of affirmative and/or independent actions of one or more third persons or parties over whom Mr. Addison had no control and for whom Mr. Addison is not liable.

## FOR AN EIGHTEENTH AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because they are the

result of intervening or superseding causes, over which Mr. Addison had no control and for which Mr. Addison is not liable.

FOR A NINETEENTH AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are barred as and to the extent that they are founded on an aiding and abetting theory.

FOR A TWENTIETH AND SEPARATE DEFENSE

To the extent Mr. Addison was in possession of any of the information the Plaintiffs claims he failed to disclose, which Mr. Addison contends he was not, Mr. Addison did not assimilate and comprehend the significance of that information.

FOR A TWENTY-FIRST AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Mr. Addison did not employ any device, scheme, or artifice to defraud and did not engage in any act, practice, or course of conduct that operates or would operate as a fraud or deceit in connection with the purchase or sale of securities.

FOR A TWENTY-SECOND AND SEPARATE DEFENSE

The Complaint fails to state a claim against Mr. Addison based upon "fraud-on-the-market" principles because the alleged misrepresentations and omissions would not have induced a reasonable investor to misjudge the value of SCANA.

FOR A TWENTY-THIRD AND SEPARATE DEFENSE

The Complaint fails to state a claim against Mr. Addison based upon "fraud-on-the-market" principles for any class members who did not trade shares between the time the alleged misstatements were made and the time the purported "truth" was revealed.

69

## FOR A TWENTY-FOURTH AND SEPARATE DEFENSE

To the extent Mr. Addison failed to disclose material information, which he denies, the "truth-on-the-market" doctrine precludes Plaintiffs' claims because the information at issue was credibly made available to the market by other sources.

## FOR A TWENTY-FIFTH AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Mr. Addison did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission that may be proved by the Plaintiffs.

## FOR A TWENTY-SIXTH AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are not actionable because Mr. Addison acted within his reasonable business judgment. At all relevant times Mr. Addison acted in good faith, with justification, and on an informed basis.

## FOR A TWENTY-SEVENTH AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because Mr. Addison relied in good faith upon the corporate records and on the information, opinions, and statements of corporate officers and employees, and/or professionals and experts hired by SCANA.

## FOR A TWENTY-EIGHTH AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are barred because there was no price impact.

## FOR A TWENTY-NINTH AND SEPARATE DEFENSE

Plaintiffs lack standing to prosecute this action.

## FOR A THIRTIETH AND SEPARATE DEFENSE

Plaintiffs are not entitled to recover attorneys' fees in this action.

FOR A THIRTY-FIRST AND SEPARATE DEFENSE

The purported claims of some or all of the putative class are barred due to their failure to mitigate their damages as required by law and/or to the extent any alleged damages are not attributable to alleged violations of law.

FOR A THIRTY-SECOND AND SEPARATE DEFENSE

Any recovery by Plaintiffs and the putative class against Mr. Addison would constitute unjust enrichment.

FOR A THIRTY-THIRD AND SEPARATE DEFENSE

Plaintiffs' purported claims and those of the putative class are barred, in whole or in part, by Plaintiffs' own actions, omissions, and/or negligence.


Additional facts that are currently unknown to Mr. Addison may be revealed through the course of discovery and further investigation will support additional defenses.  Mr. Addison reserves the right to assert such defenses in the future.


WHEREFORE, Mr. Addison respectfully requests that this Court dismiss the Complaint against him with prejudice, that he be awarded all costs and fees expended on his behalf, including attorneys' fees and other expenses, and that he be afforded such order and further relief that the Court may deem just and proper.

[*Signature Page to Follow*]

Respectfully submitted,

ROE CASSIDY COATES & PRICE, P.A.

 s/ William A. Coates
William A. Coates (Fed. ID No. 183)
ROE CASSIDY COATES & PRICE, P.A.
1052 North Church Street (29601)
P.O. Box 10529
Greenville, South Carolina 29603
(864) 349-2600 (phone) / (864) 349-0303 (fax)
wac@roecassidy.com


ALSTON & BIRD
John A. Jordak, Jr. (*pro hac vice*)
john.jordak@alston.com
William R. Mitchelson, Jr. (*pro hac vice*)
mitch.mitchelson@alston.com
Meredith J. Kingsley (*pro hac vice*)
meredith.kingsley@alston.com
1201 West Peachtree Street
Atlanta, GA  30309-3424
Tel:  404-881-7000
Fax:  404-881-7777

***Counsel for Defendant Jimmy Addison***



June 14, 2019
Greenville, South Carolina


## JURY TRIAL DEMAND

Mr. Addison respectfully requests a trial by jury on any issue so triable to the extent

the claims are not dismissed prior to trial.

 s/ William A. Coates
William A. Coates