# EXHIBIT 1

**Exhibit 1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**(COLUMBIA DIVISION)**

| | |
|---|---|
| | Civil Action No. 3:17-CV-2616-MBS |
| *In re SCANA Corporation Securities Litigation* | <u>CLASS ACTION</u> |

**NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT;**
**(II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF**
**ATTORNEYS' FEES AND LITIGATION EXPENSES**

*<u>A Federal Court authorized this Notice. This is not a solicitation from a lawyer.</u>*

**NOTICE OF PENDENCY OF CLASS ACTION:** Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the District of South Carolina (Columbia Division) (the "Court"), if, during the period from October 27, 2015 through December 20, 2017, inclusive (the "Class Period"), you purchased or otherwise acquired publicly traded SCANA Corporation ("SCANA" or the "Company") common stock and were damaged thereby.[1]

**NOTICE OF SETTLEMENT:** Please also be advised that the Court-appointed Lead Plaintiffs the West Virginia Investment Management Board ("West Virginia IMB") and Stichting Blue Sky Global Equity Active Low Volatility Fund and Stichting Blue Sky Active Large Cap Equity USA Fund (collectively, "Blue Sky" and, together with West Virginia IMB, "Lead Plaintiffs"), on behalf of themselves and the Settlement Class (as defined in ¶ 27 below), have reached a proposed settlement of the Action for $192,500,000, with $160,000,000 being paid in cash and $32,500,000 being paid in cash or shares of freely-tradable Dominion Energy, Inc. ("Dominion Energy") common stock (the "Settlement") at the option of SCANA.[2]

---

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation and Agreement of Settlement dated December 20, 2019 (the "Stipulation"), which is available at www.SCANASecuritiesLitigation.com.

[2] Dominion Energy merged with SCANA effective January 2, 2019, upon which SCANA common stock was converted into Dominion Energy common stock.

**PLEASE READ THIS NOTICE CAREFULLY.  This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement.  If you are a member of the Settlement Class, your legal rights will be affected whether or not you act.**

**If you have any questions about this Notice, the proposed Settlement, or your eligibility to participate in the Settlement, please DO NOT contact the Court, the Office of the Clerk of the Court, Defendants, Dominion Energy, or their counsel.  All questions should be directed to Lead Counsel or the Claims Administrator (*see* ¶ 93 below).**

1. **Description of the Action and the Settlement Class:**  This Notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendant SCANA and defendants Kevin B. Marsh, Jimmy E. Addison, Stephen A. Byrne, Harold C. Stowe, D. Maybank Haygood, and James W. Roquemore (collectively, the "Individual Defendants" and, together with SCANA, "Defendants") violated the federal securities laws by making false and misleading statements regarding SCANA's business.  A more detailed description of the Action is set forth in ¶¶ 11-26 below.  The proposed Settlement, if approved by the Court, will settle claims of the Settlement Class, as defined in ¶ 27 below.

2. **Statement of the Settlement Class's Recovery:**  Subject to Court approval, Lead Plaintiffs, on behalf of themselves and the Settlement Class, have agreed to settle the Action in exchange for $192,500,000, with $160,000,000 being paid in cash (the "Cash Settlement Amount") and $32,500,000 being paid in cash or shares of freely-tradable Dominion Energy common stock (the "Settlement Shares" and, together with the Cash Settlement Amount, the "Settlement Amount") at the option of SCANA.  The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court.  The proposed plan of allocation (the "Plan of Allocation") is set forth in ¶¶ 55-77 below.  The Plan of Allocation will determine how the Net Settlement Fund shall be allocated among members of the Settlement Class.

3. **Estimate of Average Amount of Recovery Per Share:**  Based on Lead Plaintiffs' damages expert's estimate of the number of shares of publicly traded SCANA common stock purchased during the Class Period that may have been affected by the conduct at issue in the Action, and assuming that all Settlement Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses, and costs as described herein) is $1.18 per affected share of SCANA common stock.  Settlement Class Members should note, however, that the foregoing average recovery per share is only an estimate.  Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors, when and at what prices they purchased/acquired or sold their SCANA stock, and the total number and value of valid Claim Forms submitted.  Distributions to Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* ¶¶ 55-77 below) or such other plan of allocation as may be ordered by the Court.

4. **Average Amount of Damages Per Share:**  The Parties do not agree on the average amount of damages per share that would be recoverable if Lead Plaintiffs were to prevail in the

Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Settlement Class as a result of their conduct.

5. **Attorneys' Fees and Expenses Sought**: Court-appointed Lead Counsel, Bernstein Litowitz Berger & Grossmann LLP and Labaton Sucharow LLP, with Liaison Counsel Motley Rice LLC (together, "Plaintiffs' Counsel"), have been prosecuting the Action on a wholly contingent basis since its inception in 2017, have not received any payment of attorneys' fees for their representation of the Settlement Class, and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 14% of the Settlement Fund (in combination of cash and stock in the same proportion that the Cash Settlement Amount and the Settlement Shares comprise the Settlement Amount). In addition, Lead Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action in an amount not to exceed $1,200,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Any fees and expenses awarded by the Court will be paid from the Settlement Fund. No other attorneys will share in the fee awarded by the Court. Settlement Class Members are not personally liable for any such fees or expenses. The estimated average cost for such fees and expenses, if the Court approves Lead Counsel's fee and expense application, is $0.17 per affected share of SCANA common stock.

6. **Identification of Attorneys' Representatives**: Lead Plaintiffs and the Settlement Class are represented by John C. Browne, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, settlements@blbglaw.com, and James W. Johnson, Esq. of Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, 1-888-219-6877, settlementquestions@labaton.com.

7. **Reasons for the Settlement**: Lead Plaintiffs' principal reason for entering into the Settlement is the substantial and certain recovery for the Settlement Class without the risk or the delays inherent in further litigation. Moreover, the substantial recovery provided under the Settlement must be considered against the significant risk that a smaller recovery—or indeed no recovery at all—might be achieved after contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could be expected to last several years. Defendants, who deny that they have committed any act or omission giving rise to liability under the federal securities laws, are entering into the Settlement solely to eliminate the uncertainty, burden, and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN _____, 2020.** | This is the only way to be eligible to receive a payment from the Settlement Fund. If you are a Settlement Class Member and you remain in the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any Released Plaintiffs' Claims (defined in ¶ 36 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 37 below), so it is in your interest to submit a Claim Form. |

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund.  This is the only option that allows you ever to be part of any other lawsuit against any of the Defendants or the other Defendants' Releasees concerning the Released Plaintiffs' Claims. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and payment of Litigation Expenses, you may write to the Court and explain why you do not like them.  You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Settlement Class Member and do not exclude yourself from the Settlement Class. |
| **GO TO A HEARING ON _____, 2020 AT __:__ __.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2020.** | Filing a written objection and notice of intention to appear by _____, 2020 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the Plan of Allocation, and/or the request for attorneys' fees and payment of Litigation Expenses.  If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Settlement Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

## WHAT THIS NOTICE CONTAINS

| | |
|---|---|
| Why Did I Get This Notice? | Page __ |
| What Is This Case About? | Page __ |
| How Do I Know If I Am Affected By The Settlement? | |
|    Who Is Included In The Settlement Class? | Page __ |
| What Are Lead Plaintiffs' Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Are Settlement Class Members Affected By The Action | |
|    And The Settlement? | Page __ |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page __ |
| How Much Will My Payment Be? | Page __ |
| What Payment Are The Attorneys For The Settlement Class Seeking? | |

4

How Will The Lawyers Be Paid?                                              Page __

What If I Do Not Want To Be A Member Of The Settlement Class?
    How Do I Exclude Myself?                                               Page __

When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement?                                            Page __

What If I Bought Shares On Someone Else's Behalf?                          Page __

Can I See The Court File?  Whom Should I Contact If I Have Questions?      Page __

## WHY DID I GET THIS NOTICE?

8.    The Court directed that this Notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired publicly traded SCANA common stock during the Class Period.  The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit may generally affect your legal rights.  If the Court approves the Settlement and the Plan of Allocation (or some other plan of allocation), the Claims Administrator selected by Lead Plaintiffs and approved by the Court will make payments pursuant to the Settlement after any objections and appeals are resolved.

9.    The purpose of this Notice is to inform you of the existence of this case, that it is a class action, how you might be affected, and how to exclude yourself from the Settlement Class if you wish to do so.  It is also being sent to inform you of the terms of the proposed Settlement and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Fairness Hearing").  *See* ¶¶ 83-84 below for details about the Settlement Fairness Hearing, including the date and location of the hearing.

10.    The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

## WHAT IS THIS CASE ABOUT?

11.    SCANA is an electric and gas utility company which, in 2008, began constructing two nuclear reactors at the V.C Summer nuclear generating station near Jenkinsville, South Carolina (the "Nuclear Project").  In this Action, Lead Plaintiffs allege that SCANA and the Individual Defendants made a series of alleged misstatements and omissions during the Class Period (from October 27, 2015 through December 20, 2017, inclusive) regarding the progress and oversight of the Nuclear Project, and that the Class suffered damages when the truth regarding the Nuclear Project was publicly disclosed.

12.    Beginning in September 2017, certain related class actions (*Norman v. SCANA Corporation et al.*, No. 3:17-CV2616-MBS; *Evans v. SCANA Corporation et al.*, No. 3:17-cv-02683-MBS; *Fox v. SCANA Corporation et al.*, No. 3:17-cv-03063-MBS, and *West Palm Beach Firefighters' Pension Fund v. SCANA Corporation et al.*, No. 3:17-cv-03141-MBS) were filed in the United States District Court for the District of South Carolina (the "Court") alleging violations of the federal securities laws.

13.    By Order dated January 23, 2018, the Court: (i) consolidated the related actions into this lead Action, to be captioned "*In re SCANA Corporation Securities Litigation*" and maintained under File No. 3:17-CV-2616-MBS; (ii) appointed West Virginia IMB and Blue Sky as Lead Plaintiffs; and (iii) approved Bernstein Litowitz Berger & Grossmann LLP and Labaton Sucharow LLP as Lead Counsel.

14.    On March 30, 2018, Lead Plaintiffs filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  The Complaint alleged that Defendants misrepresented the status and their oversight of the Nuclear Project, including by assuring investors that the Nuclear Project was on schedule and on budget, making significant progress towards completion, and was being managed prudently and transparently by Defendants.  According to the Complaint, such statements were false and misleading because Defendants allegedly knew from the start of the Class Period that the Nuclear Project was not realistically going to be completed by 2020, as planned, allegedly due in large part to Defendants' deficient oversight.  The Complaint further alleged that the price of SCANA common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements and omissions and declined when the truth was revealed through a series of partial corrective disclosures.

15.    On June 4, 2018, Defendant SCANA, together with the Director Defendants (Stowe, Haygood, and Roquemore, and collectively with SCANA, the "SCANA Defendants"), and Defendants Marsh, Addison, and Byrne filed four separate motions to dismiss the Complaint. On August 9, 2018, Lead Plaintiffs filed their omnibus memorandum of law in opposition to the motions to dismiss, and, on September 18-19, 2018, Defendants filed their replies.

16.    On March 4, 2019, the Court heard oral argument on Defendants' motions to dismiss.

17.    On March 29, 2019, the Court entered its Opinion and Order denying Defendants' motions to dismiss the Complaint, except that the Court granted the motions to the extent they sought dismissal based on claims for violation of Item 303 (the "MTD Opinion").

18.    On June 4, 2019, the SCANA Defendants and Defendants Marsh, Addison, and Byrne each filed Answers to the Complaint.

19.    On June 28, 2019, Lead Plaintiffs filed their motion for class certification and appointment of class counsel, which was accompanied by a report from Lead Plaintiffs' expert on market efficiency and common damages methodologies, Chad Coffman.  On September 25, 2019, Defendants filed their opposition to Lead Plaintiffs' motion for class certification and appointment of class counsel, which was accompanied by a report from Defendants' expert, Christopher James, Ph.D., in response to Mr. Coffman's expert report.

20.   Beginning no later than January 2018, and prior to the start of formal discovery in the Action, Lead Plaintiffs engaged in extensive investigation and discovery efforts to support the allegations in the Complaint and to prepare for depositions and formal discovery. For example, Lead Plaintiffs issued several requests for documents to South Carolina regulators, South Carolina newspapers, and Santee Cooper, South Carolina's state-owned electric and water utility that was SCANA's junior partner on the Project, pursuant to the South Carolina Freedom of Information Act ("FOIA"). Prior to filing the Complaint on March 30, 2018, Lead Plaintiffs received and reviewed 1,513 documents (totaling 16,560 pages), and used information from these documents in support of the allegations in the Complaint. Lead Plaintiffs then received and reviewed another 230,778 documents (totaling 1,694,008 pages) in 2019, the majority of which were produced following the issuance of the Court's March 29, 2019 MTD Opinion sustaining the Complaint. In total, Lead Plaintiffs received and reviewed 244,233 documents (totaling 1,836,743 pages) prior to the start of formal discovery. In addition, as part of their investigation for the allegations in the Complaint, Lead Plaintiffs contacted 200 former employees of SCANA and its lead contractors on the Project and interviewed 69 of them (two of whom were relied on in the Complaint).

21.   Formal discovery in the Action commenced in June 2019. Defendants produced 565,507 documents, totaling 5,215,238 pages, to Lead Plaintiffs, and Lead Plaintiffs produced 2,120 documents, totaling 146,963 pages, to Defendants. In addition, Lead Plaintiffs' four relevant non-party investment managers, who purchased and/or sold SCANA common stock on Lead Plaintiffs' behalves during the Class Period, produced 677 documents, totaling 11,260 pages. In total, 568,304 documents, totaling 5,373,561 pages, were produced by the parties and third parties in formal discovery.

22.   In connection with Lead Plaintiffs' June 28, 2019 class certification motion, Defendants deposed, and Lead Plaintiffs defended the depositions of, a representative from West Virginia IMB and a representative from Blue Sky, as well as Lead Plaintiffs' expert Chad Coffman. Defendants also deposed, and Lead Plaintiffs cross-examined, representatives from each of the Lead Plaintiffs' four relevant investment managers. Further, Defendants served, and Lead Plaintiffs responded to, extensive interrogatories to Lead Plaintiffs. Finally, the parties met and conferred over numerous disputed discovery issues over several months.

23.   The Parties began exploring the possibility of a settlement in February 2019. Specifically, the Parties agreed to engage in private mediation and subsequently retained retired United States District Court Judge Layn R. Phillips to act as mediator in the case (the "Mediator"). On May 17, 2019, Lead Counsel and Defendants' Counsel, among others, participated in a full-day mediation session before the Mediator. In advance of that session, the Parties submitted detailed opening and reply mediation statements to the Mediator, together with numerous supporting exhibits, which addressed both liability and damages issues. The session ended without any agreement being reached.

24.   The Parties continued discussions with the Mediator following the May 2019 mediation, exploring the possibility of a settlement. The Parties participated in a second mediation session before the Mediator on October 2, 2019. In advance of that session, the Parties submitted supplemental opening and reply mediation statements and further exhibits. At the conclusion of that mediation session, the Parties reached an agreement in principle to settle the Action, which was memorialized in a term sheet executed and finalized on October 3, 2019 (the "Term Sheet"). The Term Sheet set forth, among other things, the Parties' agreement to settle and release the

claims assert against Defendants in the Action in return for a payment of $192,500,000—with $160,000,000 paid in cash and $32,500,000 being paid in cash or shares of freely-tradable Dominion Energy common stock at the option of SCANA—subject to certain terms and conditions and the execution of a customary "long form" stipulation and agreement of settlement and related papers.

25.    On December 20, 2019, the Parties entered into the Stipulation and Agreement of Settlement (the "Stipulation"), which sets forth the terms and conditions of the Settlement. The Stipulation is available at www.SCANASecuritiesLitigation.com.

26.    On _____, 20__, the Court preliminarily approved the Settlement, authorized this Notice to be disseminated to potential Settlement Class Members, and scheduled the Settlement Fairness Hearing to consider whether to grant final approval to the Settlement.

<table>
<tr><td>HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?<br>WHO IS INCLUDED IN THE SETTLEMENT CLASS?</td></tr>
</table>

27.    If you are a member of the Settlement Class, you are subject to the Settlement, unless you timely request to be excluded. The Settlement Class consists of:

> all persons and entities who or which purchased or otherwise acquired publicly traded SCANA common stock during the period from October 27, 2015 through December 20, 2017, inclusive, and were damaged thereby.

Excluded from the Settlement Class are: (i) Defendants and Dominion Energy; (ii) the Immediate Family members of the Individual Defendants; (iii) the Officers and Directors of SCANA during the Class Period and their Immediate Family members; (iv) any parents, subsidiaries, or affiliates of SCANA; (v) any firm, trust, corporation, or other entity in which any Defendant has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are any persons or entities who or which exclude themselves by submitting a request for exclusion in accordance with the requirements set forth in this Notice. *See* "What If I Do Not Want To Be A Member Of The Settlement Class? How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO A PAYMENT FROM THE SETTLEMENT.  IF YOU ARE A SETTLEMENT CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO RECEIVE A PAYMENT FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION AS SET FORTH THEREIN NO LATER THAN _____, 2020.**

<table>
<tr><td>WHAT ARE LEAD PLAINTIFFS' REASONS FOR THE SETTLEMENT?</td></tr>
</table>

28.    Lead Plaintiffs and Lead Counsel believe that the claims asserted against Defendants have merit.  They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through summary judgment, trial, and

appeals, as well as the very substantial risks they would face in establishing liability and damages. For example, Lead Plaintiffs would have faced substantial challenges in proving that certain of Defendants' statements, including those concerning the projected completion date, costs, eligibility for federal nuclear production tax credits, and progress of the Nuclear Project were forward-looking statements that are immune under the safe harbor provisions of the federal securities laws. Defendants contended that these statements were accompanied by meaningful cautionary language that rendered non-actionable Defendants' failure to disclose the independent, adverse assessment of the Nuclear Project by Bechtel Corporation ("Bechtel"), which is at the heart of Lead Plaintiffs' allegations. Defendants also contended that other allegedly false statements, *e.g.*, those regarding the Nuclear Project's supposedly positive progress were equally non-actionable statements of opinion on the grounds that, *inter alia*, Lead Plaintiffs would not be able to demonstrate that Defendants lacked any reasonable basis for opining that progress was being made on the Nuclear Project. Moreover, Lead Plaintiffs would have faced challenges in proving that Defendants made the alleged false statements with the intent to mislead investors or were reckless in making the statements. For example, Defendants contend that the Individual Defendants reasonably relied on the schedule and cost estimates provided to SCANA by Westinghouse, its lead contractor on the Nuclear Project, and further believed in good faith that the "EPC Amendment" entered into between SCANA and Westinghouse, just days before the start of the Class Period, fixed many of the problems with the Nuclear Project identified by Bechtel in its report to SCANA.

29.    Lead Plaintiffs would have also faced significant hurdles in proving "loss causation"— that the alleged misstatements were the cause of investors' losses—and in proving damages with respect to at least some of the alleged corrective disclosures. For example, Defendants have argued that the Court should end the Class Period on July 31, 2017—nearly five months before the end of the alleged Class Period—on the grounds that by that date, the risks related to the completion of the Nuclear Project were completely disclosed.

30.    In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Settlement Class, Lead Plaintiffs and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class. Lead Plaintiffs and Lead Counsel believe that the Settlement provides a substantial benefit to the Settlement Class, namely $192,500,000 (in cash and, potentially, shares of Dominion Energy common stock at the option of SCANA, less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller recovery, or no recovery, after summary judgment, trial, and appeals, possibly years in the future.

31.    Defendants have denied the claims asserted against them in the Action and deny that the Settlement Class was harmed or suffered any damages as a result of the conduct alleged in the Action. Defendants have agreed to the Settlement solely to eliminate the burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

32.    If there were no Settlement and Lead Plaintiffs failed to establish any essential legal or factual element of their claims against Defendants, neither Lead Plaintiffs nor the other members of the Settlement Class would recover anything from Defendants. Also, if Defendants were

successful in proving any of their defenses, either at summary judgment, at trial, or on appeal, the Settlement Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

| HOW ARE SETTLEMENT CLASS MEMBERS AFFECTED BY THE ACTION AND THE SETTLEMENT? |
|---|

33.   As a Settlement Class Member, you are represented by Lead Plaintiffs and Lead Counsel, unless you enter an appearance through counsel of your own choice at your own expense.  You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," below.

34.   If you are a Settlement Class Member and do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section entitled, "What If I Do Not Want To Be A Member Of The Settlement Class?  How Do I Exclude Myself?," below.

35.   If you are a Settlement Class Member and you do not exclude yourself from the Settlement Class, you will be bound by any orders issued by the Court.  If the Settlement is approved, the Court will enter a judgment (the "Judgment").  The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim (as defined in ¶ 36 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 37 below), and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants' Releasees.

36.   "Released Plaintiffs' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that Lead Plaintiffs or any other member of the Settlement Class (i) asserted in the Complaint, or (ii) could have asserted in the Action or any other forum that arise out of or are based upon the allegations, transactions, facts, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase of SCANA common stock during the Class Period.  Released Plaintiffs' Claims do not cover, include, or release: (i) any claims asserted in any ERISA or derivative action, including, without limitation, the claims asserted in *In re: SCANA Corporation Derivative Litigation*, No. 3:17-cv-03166-MBS (D.S.C.), *Crangle v. Marsh et al.*, No. 2017-CP-40-05791 (S.C. Ct. Comm. Pls., Richland Cty.), *Todd v. Marsh et al.*, No. 2017-CP-40-06621 (S.C. Ct. Comm. Pls., Richland Cty.), *In re SCANA Corporation Public Shareholder Litigation*, Lead Case No. 3:18-cv-00505-MBS (D.S.C.), or *KBC Asset Management LV v. Marsh et al.*, No. 3:19-cv-1457-MBS (D.S.C.), or any cases consolidated into those actions; (ii) any claims by any governmental entity that arise out of any governmental investigation of Defendants relating to the conduct alleged in the Action, including, without limitation, the claims asserted in *Request of*

the Office of Regulatory Staff for Rate Relief to South Carolina Electric & Gas Company's Rates Pursuant to S.C. Code Ann. § 58-27-920, S.C. PSC Dkt. No. 2017-305-E; (iii) any claims asserted in any ratepayer action, including, without limitation, the claims asserted in *Timothy Glibowski v. SCANA Corp.*, No. 9:18-273-TLW (D.S.C.), *Lightsey et al. v. South Carolina Electric & Gas Co. et al.*, Case No. 2017-CP-25-00355 (S.C. Ct. Comm. Pls., Hampton Cty.), *Cleckley v. SCE&G*, No. 2017-CP-40-04833 (S.C. Ct. Comm. Pls., Richland Cty.), *Cook v. S.C. Pub. Serv. Auth.*, No. 2017-CP-25-00348 (S.C. Ct. Comm. Pls., Hampton Cty.), *Goodman v. SCANA Corp.*, No. 2017-CP-20-00300 (S.C. Ct. Comm. Pls., Fairfield Cty.), *Luquire v. Marsh et al.*, No. 5:19-cv-2516-TLW (D.S.C.), or any cases consolidated into those actions; (iv) any claims asserted in *Fairfield Co. v. South Carolina Electric & Gas Co.*, No. 2017-CP-20-458 (S.C. Ct. Comm. Pls., Fairfield Cty.), *Fluor Enterprises, Inc. v. South Carolina Electric & Gas Company*, No. 2018-CP-0343 (S.C. Ct. Comm. Pls., Fairfield Cty.), or *Friends of the Earth and Sierra Club* v. *South Carolina Electric & Gas Company*, S.C. PSC Dkt. No. 2017-207-E, or any cases consolidated into those actions; (v) any claims relating to the enforcement of the Settlement; and (vi) any claims of any person or entity who or which submits a request for exclusion that is accepted by the Court.

37.    "Defendants' Releasees" means Defendants, Dominion Energy, and the current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys of any Defendant or Dominion Energy. Defendants' Releasees do not include outside or independent auditors or accountants of any Defendant or of Dominion Energy, and for the avoidance of doubt, this Settlement does not settle or release any claims against any outside or independent auditor or accountant of any Defendant or of Dominion Energy.

38.    "Unknown Claims" means any Released Plaintiffs' Claims which any Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiffs and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Lead Plaintiffs and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

39.    The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants and each of the other Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, will have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim (as defined in ¶ 40 below) against Lead Plaintiffs and the other Plaintiffs' Releasees (as defined in ¶ 41 below), and will forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.

40.    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted against Defendants. Released Defendants' Claims do not cover, include, or release: (i) any claims relating to the enforcement of the Settlement, and (ii) any claims against any person or entity who or which submits a request for exclusion that is accepted by the Court.

41.    "Plaintiffs' Releasees" means Lead Plaintiffs, all other Settlement Class Members, and their respective current and former parents, affiliates, subsidiaries, officers, directors, agents, successors, predecessors, assigns, assignees, partnerships, partners, trustees, trusts, employees, Immediate Family Members, insurers, reinsurers, and attorneys.

## HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO?

42.    To be eligible for a payment from the Settlement, you must be a member of the Settlement Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked or submitted electronically no later than _____, 2020**. A Claim Form is included with this Notice, or you may obtain one from the website maintained     by     the     Claims     Administrator     for     the     Settlement, www.SCANASecuritiesLitigation.com.  You may also request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-833-947-1420 or by emailing the Claims Administrator at info@SCANASecuritiesLitigation.com.  Please retain all records of your ownership of and transactions in SCANA common stock, as they will be needed to document your Claim.  The Parties and Claims Administrator do not have information about your transactions in SCANA common stock.

43.    If you request exclusion from the Settlement Class or do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

## HOW MUCH WILL MY PAYMENT BE?

44.    At this time, it is not possible to make any determination as to how much any individual Settlement Class Member may receive from the Settlement.

45.    Pursuant to the Settlement, Defendants have agreed to pay or caused to be paid a total of $192,500,000, with (i) $160,000,000 being paid in cash and (ii) $32,500,000 being paid in cash or shares of freely-tradable Dominion Energy common stock at the option of SCANA.[3]

46.    The "Settlement Amount" (that is, the Cash Settlement Amount plus the Settlement Shares), plus any interest earned thereon, is referred to as the "Settlement Fund."  If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund including, as applicable, the net cash proceeds from the sale of any Class Settlement Shares, as well as accrued interest thereon, or the Class Settlement Shares themselves) less (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Settlement Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve.

47.    The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

48.    Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final.  Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

49.    Approval of the Settlement is independent from approval of a plan of allocation.  Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

50.    Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Claim Form on or before _____, 2020 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a member of the Settlement Class and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given.  This means that each Settlement Class Member releases the Released Plaintiffs' Claims (as defined in ¶ 36 above) against the Defendants' Releasees (as defined in ¶ 37 above) and will be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

---

[3] The Settlement Shares to be issued will be valued as of the date of entry of the Judgment, in accordance with the terms of the Stipulation.  The Settlement Shares, less any Settlement Shares awarded to Plaintiffs' Counsel as attorneys' fees, are referred to as the "Class Settlement Shares."  Pursuant to the Stipulation, Lead Counsel has the right to decide, in its sole discretion, whether to (i) distribute the Class Settlement Shares to Settlement Class Members who submit claims that are approved for payment by the Court ("Authorized Claimants") or (ii) sell all or any portion of the Class Settlement Shares and distribute the net cash proceeds from the sale of the shares to Authorized Claimants.  Please Note: After the date on which such shares are valued, the value of the Class Settlement Shares may fluctuate.  No representation can be made as to what the value of the Class Settlement Shares will be at the time the shares are distributed or, if applicable, sold for the benefit of Settlement Class Members.

51.   Participants in, and beneficiaries of, a SCANA employee benefit plan covered by ERISA ("ERISA Plan") should NOT include any information relating to their transactions in SCANA common stock held through the ERISA Plan in any Claim Form that they submit in this Action. They should include ONLY those shares that they purchased or acquired outside of the ERISA Plan.  Claims based on any ERISA Plan's purchases or acquisitions of SCANA common stock during the Class Period may be made by the plan's trustees.

52.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member.

53.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

54.   Only Settlement Class Members, *i.e.*, persons and entities who purchased or otherwise acquired publicly traded SCANA common stock during the Class Period and were damaged as a result of such purchases or acquisitions, will be eligible to share in the distribution of the Net Settlement Fund.  Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class pursuant to request will not be eligible for a payment and should not submit Claim Forms.   The only security that is included in the Settlement is publicly traded SCANA common stock.

## PROPOSED PLAN OF ALLOCATION

55.   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws.   The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement.  The computations under the Plan of Allocation are only a method to weigh the claims of Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

56.   In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of artificial inflation in the per share closing price of publicly traded SCANA common stock which allegedly was proximately caused by Defendants' alleged materially false and misleading statements and omissions.

57.   In calculating the estimated artificial inflation, Lead Plaintiffs' damages expert considered price changes in publicly traded SCANA common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and omissions, adjusting for price changes that were attributable to market or industry forces. The estimated artificial inflation in publicly traded SCANA common stock is stated in Table A attached to the end of this Notice.

58.   In order to have recoverable damages in the Action, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of SCANA common stock.  In this case, Lead Plaintiffs allege that Defendants made false statements and omitted material facts during the Class Period (from October 27, 2015 through December 20, 2017, inclusive), which had the effect of artificially inflating the price of publicly traded SCANA common stock.  Lead Plaintiffs further allege that corrective information was released to the

market during the Class Period that partially removed the artificial inflation from the price of SCANA common stock on: December 27-28, 2016; February 14, 2017; February 16-17, 2017; March 22-23, 2017; July 28, 2017; August 3-4, 2017; August 10, 2017; September 7, 2017; September 22, 2017; September 27, 2017; September 29, 2017; October 19, 2017;[4] October 27, 2017; October 31, 2017; and December 21, 2017.

59.   Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the respective prices of SCANA common stock at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase price and sale price. Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation, a Settlement Class Member who or which purchased or otherwise acquired publicly traded SCANA common stock prior to the first corrective disclosure, which occurred prior to the opening of the financial markets on December 27, 2016, must have held his, her, or its shares of SCANA common stock through at least the open of trading on December 27, 2016. A Settlement Class Member who or which purchased or otherwise acquired publicly traded SCANA common stock from December 27, 2016 through and including the close of trading on December 20, 2017, must have held those shares through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of SCANA common stock.

60.   It is also alleged that Defendants' alleged misrepresentations resulted in additional artificial inflation entering the price of SCANA common stock on February 15, 2017; July 31, 2017; and August 1, 2017.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS AND RECOGNIZED GAIN AMOUNTS

61.   Based on the formula stated below, a "Recognized Loss Amount" or "Recognized Gain Amount" will be calculated for each purchase or acquisition of publicly traded SCANA common stock during the Class Period that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount or Recognized Gain Amount calculates to a negative number or zero under the formula below, that number will be zero.

62.   For each share of publicly traded SCANA common stock purchased or otherwise acquired during the period from October 27, 2015 through and including the close of trading on December 20, 2017, and:

(i)   Sold before December 27, 2016, the Recognized Loss Amount will be $0.00 and the Recognized Gain Amount will be $0.00;

---

[4] For purposes of this Plan of Allocation, the Claims Administrator will assume that any shares purchased/acquired or sold on October 19, 2017 at any price less than $48.97 per share occurred after the allegedly corrective information was absorbed by the market, and that any shares purchased/acquired or sold on October 19, 2017 at any price equal to or greater than $48.97 per share occurred before the allegedly corrective information was absorbed by the market. If a Claimant provides documentation with the time stamp for the trade, any trade made prior to 1:09 PM Eastern time will be considered as having occurred before the information was disclosed to the market, and any trade at or after 1:09 PM Eastern time will be considered to have occurred after the information was disclosed to the market.

(ii)     Sold at a loss[5] from December 27, 2016 through and including December 20, 2017, a Recognized Loss Amount will be calculated, which will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A minus the amount of artificial inflation per share on the date of sale as stated in Table A; or (ii) the purchase/acquisition price minus the sale price;

(iii)    Sold for a gain[6] from December 27, 2016 through and including December 20, 2017, a Recognized Gain Amount will be calculated, which will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of sale as stated in Table A minus the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the sale price minus the purchase/acquisition price;

(iv)    Sold from December 21, 2017 through and including the close of trading on March 20, 2018, a Recognized Loss Amount will be calculated, which will be ***the least of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; (ii) the purchase/acquisition price minus the average closing price between December 21, 2017 and the date of sale as stated in Table B attached to the end of this Notice; or (iii) the purchase/acquisition price minus the sale price; or

(v)     Held as of the close of trading on March 20, 2018, a Recognized Loss Amount will be calculated, which will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A; or (ii) the purchase/acquisition price *minus* $40.29.[7]

## ADDITIONAL PROVISIONS

63.    **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated in ¶ 62 above *minus* the sum of his, her, or its Recognized Gain Amounts as calculated in ¶ 62 above.  If a Recognized Claim calculates to a negative number or zero, that number will be zero.

---

[5] "Sold at a loss" means the purchase/acquisition price is greater than the sale price.

[6] "Sold for a gain" means the purchase/acquisition price is less than or equal to the sale price.

[7] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of SCANA common stock during the "90-day look-back period," December 21, 2017 through and including March 20, 2018.  The mean (average) closing price for SCANA common stock during this 90-day look-back period was $40.29.