**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| *In re SCANA Corporation Securities Litigation* | Civil Action No. 3:17-CV-2616-MBS<br><br>**ORDER AND OPINION<br>APPROVING SETTLEMENT** |

On March 30, 2018, Lead Plaintiffs the West Virginia Investment Management Board, Stichting Blue Sky Global Equity Active Low Volatility Fund, and Stichting Blue Sky Active Large Cap Equity USA Fund (collectively, "Lead Plaintiffs"), on behalf of themselves and all others similarly situated, filed a class action complaint against Defendants SCANA Corporation ("SCANA" or the "Company"), Kevin B. Marsh, Jimmy E. Addison, Stephen A. Byrne, Harold C. Stowe, D. Maybank Haygood, and James W. Roquemore (collectively, "Defendants") (Lead Plaintiffs and Defendants, collectively, the "Parties"), alleging violations of Section 10(b) of the Exchange Act and Rule 10b-5 (Count One) and Section 20(a) of the Exchange Act (Count Two) (the "Action").

The Parties entered into a Stipulation and Agreement of Settlement dated December 20, 2019 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement"). By Order dated February 10, 2020 (the "Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it (i) would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2) and (ii) would likely be able to certify the Settlement Class (defined below) for purposes

of the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement.

Lead Counsel filed a motion for final approval of the Settlement and the Plan of Allocation on April 22, 2020. The Court conducted a hearing on July 9, 2020 (the "Settlement Fairness Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; (b) whether the Action should be dismissed with prejudice as against Defendants; and (c) whether the terms and conditions of the issuance of the Settlement Shares, which shares may be issued pursuant to the exemption from registration requirements under Section 3(a)(10) of the Securities Act of 1933, 15 U.S.C. § 77c(a)(10), as amended (the "Securities Act"), are fair to all persons and entities to whom the shares will be issued.[1] The Court having considered all matters submitted to it at the Settlement Fairness Hearing and otherwise, including the Stipulation, the Plan of Allocation, and Lead Counsel's motion for attorneys' fees, and it appearing that notice of the Settlement Fairness Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in the *Wall Street Journal* and was transmitted over the *PR Newswire*; the Court finds and concludes as follows:

---

[1] The Court further considered whether the proposed plan of allocation of the Net Settlement Fund ("Plan of Allocation") created for the Settlement achieved in the Action should be approved, and whether Lead Counsel's motion for attorneys' fees should be granted. These matters are disposed of in separate orders filed contemporaneously herewith.

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Order incorporates and makes a part hereof: (a) the Stipulation filed with the Court on January 7, 2020; and (b) the Notice and the Summary Notice, both of which were filed with the Court on April 22, 2020. The definitions in the Stipulation and Agreement of Settlement dated December 20, 2020 and all terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

3. **Class Certification for Settlement Purposes** – The Court hereby certifies for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons and entities who or which purchased or otherwise acquired publicly traded SCANA common stock during the period from October 27, 2015 through December 20, 2017, inclusive (the "Class Period"), and were damaged thereby. Excluded from the Settlement Class are: (i) Defendants and Dominion Energy; (ii) the Immediate Family members of the Individual Defendants; (iii) the Officers and Directors of SCANA during the Class Period and their Immediate Family members; (iv) any parents, subsidiaries, or affiliates of SCANA; (v) any firm, trust, corporation, or other entity in which any Defendant has, or had during the Class Period, a controlling interest; and (vi) the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person or entity. Also excluded from the Settlement Class are the persons and entities listed on Exhibit 1 hereto who or which are excluded from the Settlement Class pursuant to request.

4. **Class Findings** – The Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the

members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5.      **Adequacy of Representation** – Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the Court hereby certifies Lead Plaintiffs the West Virginia Investment Management Board and Stichting Blue Sky Global Equity Active Low Volatility Fund and Stichting Blue Sky Active Large Cap Equity USA Fund as Class Representatives for the Settlement Class and appoints Lead Counsel Bernstein Litowitz Berger & Grossmann LLP and Labaton Sucharow LLP as Class Counsel for the Settlement Class.  Lead Plaintiffs and Lead Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

6.      **Notice** – The Court finds that the dissemination of the Notice and the publication of the Summary Notice:  (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and Litigation Expenses; (v) their right to exclude

themselves from the Settlement Class; and (vi) their right to appear at the Settlement Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. There have been no objections to the Settlement.

7. Defendants have complied with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, et seq. Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. § 1715(b), including notices to the Attorney General of the United States of America, and the Attorneys General of each State. The CAFA notice contains the documents and information required by 28 U.S.C. § 1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the requirements of 28 U.S.C. § 1715.

8. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. Specifically, the Court finds that: (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal; the proposed means of distributing the Settlement Fund to the Settlement Class; and the proposed attorneys' fee award; and (d) the Settlement treats members of the Settlement Class

equitably relative to each other.  The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

9. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

10. **Binding Effect** – The terms of the Stipulation and of this Order shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.  The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Order.

11. **Releases and Injunctions** – The Releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  The Releases are effective as of the Effective Date.  Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Lead Plaintiffs and each of the other Settlement Class Members, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Plaintiffs' Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiffs' Claims against any of the Defendants'

Releasees. This Release shall not apply to the Excluded Plaintiffs' Claims (as that term is defined in paragraph 1(aa) of the Stipulation).

(b)     Without further action by anyone, and subject to paragraph 12 below, upon the Effective Date of the Settlement, Defendants and each of the other Defendants' Releasees, on behalf of themselves, and their respective heirs, executors, administrators, trustees, predecessors, successors, and assigns in their capacities as such only, shall be deemed to have, and by operation of law and of this Order shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against Lead Plaintiffs and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees. This Release shall not apply to the Excluded Defendants' Claims (as that term is defined in paragraph 1(z) of the Stipulation).

12.     Notwithstanding paragraphs 11(a) – (b) above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Order.

13.     **Bar Order** – Upon the Effective Date of the Settlement, consistent with the PSLRA, 15 U.S.C. § 78u-4(f)(7), the Court hereby permanently bars, extinguishes, and discharges to the fullest extent permitted by law any and all claims for contribution or indemnification arising out of any Released Plaintiffs' Claim where the injury to the person or entity bringing the claim is his, her, or its liability to the Settlement Class, (a) by any person or entity other than a Defendants' Releasee against a Defendants' Releasee or (b) by any Defendants' Releasee against any person or entity other than a Defendants' Releasee, *provided, however*, that the Bar Order shall not bar or release any of the Excluded Plaintiffs' Claims.

14. **Judgment Reduction** – Pursuant to 15 U.S.C. § 78u-4(f)(7)(B), any verdict or judgment that Lead Plaintiffs or any other Settlement Class Member may obtain on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of (a) an amount that corresponds to the percentage responsibility of the Defendants' Releasees for common damages; or (ii) the portion of the Settlement Amount paid by or on behalf of the Defendants to the Settlement Class or Settlement Class Member for common damages.

15. **Settlement Shares** – The Court, after holding the Settlement Fairness Hearing, hereby finds that: (a) the Settlement Shares are to be issued solely in exchange for bona fide outstanding claims; (b) all persons and entities to whom the Settlement Shares will be issued have had the right to appear at the Settlement Fairness Hearing; (c) the Settlement Fairness Hearing was open to all persons and entities to whom the Settlement Shares will be issued; (d) adequate notice has been given to all persons and entities to whom the Settlement Shares will be issued, and there have been no improper impediments to the appearance of such persons and entities at the Settlement Fairness Hearing; and (e) the terms and conditions of the issuance of the Settlement Shares pursuant to the terms of the Stipulation in exchange for the settlement and release of the Released Plaintiffs' Claims against the Defendants' Releasees are fair to all persons and entities to whom the Settlement Shares will be issued.  The Court hereby acknowledges that it was advised prior to the Settlement Fairness Hearing that, pursuant to the terms of the Stipulation, the Settlement Shares may be issued to the Settlement Class (and to Plaintiffs' Counsel, as may be awarded by the Court) in reliance upon the exemption from registration provided by Section 3(a)(10) of the Securities Act, based on this Court's approval of the Settlement.  The Court hereby approves the fairness to the Settlement Class

Members of the terms and conditions of the exchange of the issuance of the Settlement Shares for the settlement and release of the Released Plaintiffs' Claims against the Defendants' Releasees.

16.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

17.     **No Admissions** – Neither this Order, the Term Sheet, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Term Sheet and the Stipulation, nor any proceedings taken pursuant to or in connection with the Term Sheet, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     Shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)     Shall be offered against any of the Plaintiffs' Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the

9

Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)     Shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents the amount which could be or would have been recovered after trial.  *However*, the Parties and the Releasees and their respective counsel may refer to this Order and the Stipulation to effectuate the protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

18.     **Retention of Jurisdiction** – Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement, including the interpretation and enforcement of all injunctions set forth herein; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Lead Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

19.     **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiffs and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of

Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

20.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiffs, the other Settlement Class Members, and Defendants, and Lead Plaintiffs and Defendants shall revert to their respective positions in the Action as of immediately prior to the execution of the Term Sheet on October 3, 2019, as provided in the Stipulation.

## CONCLUSION

For the reasons stated, Lead Plaintiffs' motion for final approval of class action settlement and Plan of Allocation (ECF No. 227) is **granted in part** as to the final approval of the Settlement.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 22, 2020

**Exhibit 1**
**List of Persons and Entities Excluded from the Settlement Class Pursuant to Request**

Ruth C. Hawkins Rev. Liv. Tr., Ruth C. Hawkins TTE
Peabody, MA

Darrel K. Fenter
Billings, MT

Robert L. Dunn
Fort Collins, CO

Richard Fiske Kilburn
Fairfax, VA

Janette Louise Foley
Denver, CO

Carollee E. Brue
Brodheadsville, PA

Robert F. Franco & Betty L. Franco
Cedar Park, TX

Norma J. Knight
Columbia, SC

Estate of William A. Brackney & Betty P. Brackney, Douglas G. Brackney TTEE
Mooresville, NC

Frank Taylor, II
Pounding Mill, VA

Kathryn A. Bock
Sanford, NC

Andrew Chase
Chapin, SC

Richard Berendowsky & Jacquelyn Berendowsky
Dunnellon, FL

Estate of Robert J. Durney, Ann Marie Kulsick, Executrix
Acton, MA

John C. Winn
Greenville, SC

John C. Winn IRA
Greenville, SC

William S. Elias
Roanoke, VA