**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| *In re SCANA Corporation Securities Litigation* | Civil Action No. 3:17-CV-2616-MBS<br><br>**ORDER AND OPINION<br>ON ATTORNEYS' FEES** |

This is a class action complaint alleging that Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 (Count One) and Section 20(a) of the Exchange Act (Count Two) (the "Action"). Contemporaneously herewith, the Court has issued orders approving Lead Plaintiff's motion for approval of its Settlement with Defendants as well as the Plan of Allocation describing the manner in which members of the Settlement Class will be reimbursed under the Settlement. This matter is now before the Court on Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses, which motion was filed on April 22, 2020.

The Court held a Settlement Fairness Hearing on July 9, 2020 pursuant to Fed. R. Civ. P. 23(e)(2). The Court, having considered all matters submitted to it at the Settlement Fairness Hearing and otherwise; and it appearing that notice of the Settlement Fairness Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in the *Wall Street Journal* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested, the Court finds and concludes as follows:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated December 20, 2020 (the "Stipulation") and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and Litigation Expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 14% of the Settlement Fund, which sum the Court finds to be fair and reasonable. Plaintiffs' Counsel are also hereby awarded $725,723.12[1] in payment of Plaintiffs' Counsel's litigation expenses to be paid from the Cash Settlement Fund, which sum the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

---

[1] This sum was provided to the Court at the Fairness Hearing.

  a. The Settlement has created a fund of $192,500,000, consisting of $160,000,000 in cash and $32,500,000 paid in freely-tradable Dominion Energy common stock, or cash at the option of SCANA, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

  b. The requested fee has been reviewed and approved as reasonable by Lead Plaintiffs, sophisticated institutional investors that actively supervised the Action;

  c. Over 281,000 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 14% of the Settlement Fund and for payment of Litigation Expenses in an amount not to exceed $1,200,000, and no objections to the requested attorneys' fees and expenses were received;

  d. Lead Counsel conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

  e. The Action raised a number of complex issues;

  f. Had Lead Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

  g. Plaintiffs' Counsel devoted over 41,000 hours, with a lodestar value of over $19.9 million, to achieve the Settlement; and

  h. The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

6.      Lead Plaintiff West Virginia Investment Management Board is hereby awarded $34,048.82 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

7.      Lead Plaintiff Stichting Blue Sky Global Equity Active Low Volatility Fund and Stichting Blue Sky Active Large Cap Equity USA Fund (collectively, "Blue Sky") is hereby awarded $7,783.39 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Settlement Class.

8.      Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Court's orders approving the Settlement or Plan of Allocation.

9.      Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

10.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

For the reasons stated, Lead Plaintiffs' motion for approval of attorneys' fees and Litigation Expenses (ECF No. 228) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
July 22, 2020